[Cite as *State v. Roberts*, 2016-Ohio-903.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140331 |
| | | TRIAL NO. B-1205235 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| RANDY ROBERTS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause
               Remanded

Date of Judgment Entry on Appeal: March 9, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*,
Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Scott A. Rubenstein* and *John D. Hill*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}    Randy Roberts was convicted of drunk driving following a hit-skip accident.   Because he had seven prior drunk-driving convictions, he was also convicted of a repeat-OVI-offender specification.   The trial court sentenced him to consecutive prison terms of five years on the specification and five years on the underlying OVI offense, a third-degree felony.   He now appeals, arguing that his OVI conviction was against the manifest weight of the evidence, that his attorney was ineffective, and that his sentence was contrary to law.  We find no merit in his challenges to his convictions. The sentence is a different matter. A recent Ohio Supreme Court decision makes clear that the felony-three charge for which he was convicted carries a maximum penalty of three years in prison rather than the five years to which he was sentenced.   As a consequence, we vacate the sentence and remand for resentencing.

## I. Background

{¶2}    Susan Jacobson was waiting to turn left at a traffic light at the corner of Knowlton Street and Hamilton Avenue when she spotted in the rear-view mirror a vehicle speeding towards her.  The vehicle struck her car, forcing it across two lanes of traffic and onto the sidewalk facing the opposite direction.  She looked up to see a black SUV fishtailing away.  Emergency personnel had to cut Ms. Jacobson from her vehicle. The car was totaled.  Its rear and side windows were gone, the back end was destroyed, and the top was crushed in.  She suffered neck injuries, required months of physical therapy, and has chronic pain as a result of her injuries.

{¶3}    A UPS driver, Dorian Stone, arrived at the accident scene as the black SUV was pulling away.  After confirming that Ms. Jacobson's injuries were not life-threatening, he resumed his delivery route.  A few minutes later, he noticed a black SUV

with front-end damage. A man, later identified as Mr. Roberts, was surveying the damage. Mr. Stone called the police. While Mr. Stone was on the phone, Mr. Roberts walked up to him, asked if he was calling the police, and said that he had just been in an accident.

{¶4} The police took Mr. Roberts into custody. Because Mr. Roberts had seven prior OVIs within the previous 20 years, he was charged with two, third-degree felony OVIs with the repeat-offender specification, leaving the scene of an accident, and driving while under an OVI suspension. After a jury trial, he was convicted of leaving the scene of an accident, driving while under an OVI suspension, and one OVI with the accompanying repeat-offender specification. The court sentenced Mr. Roberts to five years of incarceration on the repeat-offender specification to be served consecutively to five years of incarceration on the underlying felony OVI. He received 180 days each on the remaining two counts. Mr. Roberts now appeals.

## II. Manifest Weight

{¶5} In his first assignment of error, Mr. Roberts claims his OVI conviction was against the manifest weight of the evidence. Mr. Roberts does not dispute that he was intoxicated, nor does he dispute that the Ford SUV was the vehicle that struck Ms. Jacobson's car. The only issue Mr. Roberts disputes is whether he was the person driving the Ford SUV.

{¶6} Mr. Stone testified that he found Mr. Roberts surveying the damage to the black, Ford SUV immediately after the accident, and that Mr. Roberts admitted that he had just been in an accident. Mr. Roberts argues that Mr. Stone's account was unreliable because Mr. Stone lacked credibility. But the fact-finder is in the best position to determine the credibility of evidence, particularly with regard to witness testimony. *State v. Bryan*, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433, ¶ 116; *State v.*

*Williams*, 1st Dist. Hamilton Nos. C-060631 and C-060668, 2007-Ohio-5577, ¶ 45. Based upon our review of the record—including a weighing of the evidence and all reasonable inferences, and consideration of the credibility of the witnesses—we cannot conclude that the jury so clearly lost its way as to create a manifest miscarriage of justice. *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

### III. Ineffective Assistance

{¶7} In his second assignment of error, Mr. Roberts asserts he was deprived of his constitutional right to effective assistance of counsel. To succeed on his ineffective-assistance claim, Mr. Roberts must establish that his trial counsel was deficient, and that, absent his counsel's errors, the result of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also State v. Pickens*, 141 Ohio St.3d 462, 2014-Ohio-5445, 25 N.E.3d 1023, ¶ 199.

{¶8} Most of Mr. Roberts's complaints about his trial attorneys are premised on assertions that are not demonstrated by the record in this case. We are unable to determine on appeal whether ineffective assistance of counsel occurred where the allegations of ineffectiveness are based on facts dehors the record. *State v. Cooperrider*, 4 Ohio St.3d 226, 228, 448 N.E.2d 452 (1983).

{¶9} The only conduct Mr. Roberts complains of that appears in the record is his trial counsel's failure to object to a statement by the prosecutor in closing argument. During closing argument, the prosecutor stated that Officer Matthew Latzy had testified that Mr. Roberts matched the description of the driver of the black SUV that had been provided to him by witnesses to the accident. This characterization of Officer Latzy's testimony was incorrect; indeed, the court had refused to allow the officer to provide

hearsay testimony about the description of the driver. Thus, the prosecutor's statement was improper. But in light of the isolated nature of the comment, and the overwhelming other evidence in the record, we cannot conclude that the result of the proceedings would have been different but for defense counsel's failure to object. The second assignment of error is overruled.

## IV.    Sentencing

{¶10}    In his third assignment of error, Mr. Roberts argues the trial court imposed a sentence that is contrary to law. We agree.

{¶11}    While this case was pending, the Ohio Supreme Court decided *State v. South*, 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.3d 734. In *South*, the court clarified that offenders convicted of a third-degree-felony OVI and a repeat-offender specification under R.C. 2941.1413, as Mr. Roberts was here, are subject to two different sentencing ranges. *See id.* at ¶ 19.    First, offenders are subject to a mandatory one-to-five year sentence for the repeat-offender specification, which must be served prior to and consecutive to any additional prison term for the underlying OVI conviction. *Id.* Second, the court may impose a discretionary term of nine to 36 months for the underlying third-degree-felony OVI itself. *Id.*   Because Mr. Roberts was sentenced to five years on the underlying OVI conviction, his sentence is contrary to law. The state concedes this was in error, and we remand for resentencing in accordance with *South*. The third assignment of error is sustained.

## V.    Conclusion

{¶12}    We reverse Mr. Robert's sentence as contrary to law and remand for resentencing. We affirm in all other aspects.

Judgment affirmed in part, reversed in part, and cause remanded.

5

**HENDON, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

