French, J.
{¶ 1} In this certified-conflict appeal, we consider how multiple sentencing statutes interact when a defendant is convicted of an operating-a-vehiele-whileunder-the-influence (“OVI”) offense as a third-degree felony as well as a repeat-offender specification. In these circumstances, we hold that a trial court must sentence that defendant to a mandatory prison term of one, two, three, four, or five years for the repeat-offender specification. The trial court may also sentence the defendant to an additional prison term of 9, 12, 18, 24, 30, or 36 months for the underlying OVI conviction.

Facts and Procedural History

{¶ 2} A grand jury indicted appellee, Edward South, on one count of operating a vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a), a third-degree felony, and a repeat-offender specification under R.C. 2941.1413; one count of operating a vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(d), a third-degree felony; and one count of driving under suspension in violation of R.C. 4510.11, a first-degree misdemeanor. The jury returned a guilty verdict on each count, including the specification.
{¶ 3} Relevant to this appeal, the trial court merged the two OVI counts for sentencing purposes. The court imposed a three-year sentence for the specification, plus an additional, consecutive five-year sentence for the underlying OVI offense, both of which it characterized as “mandatory.”
{¶ 4} South appealed to the Ninth District Court of Appeals, which vacated his sentence, holding that it was contrary to law. The Ninth District held that South’s sentence “had to consist of a one to five year mandatory prison term on his specification!,] R.C. 4511.19(G)(1)(e)(i),” and a prison term “ ‘of any duration specified in division (A)(3) of [R.C. 2929.14].’ ” 9th Dist. Summit No. 26967, 2014-Ohio-374, 2014 WL 467494, ¶ 17, quoting R.C. 2929.14(B)(4). Applying R.C. 2929.14(A)(3), the court held that the applicable version of R.C. 2929.14(A)(3)(b) subjected South to a maximum three-year additional sentence for the underlying OVI. Because the trial court’s five-year sentence exceeded the permissible maximum, the Ninth District vacated the sentences related to his underlying OVI *297 conviction and the specification. It remanded the matter to the trial court for resentencing.
{¶ 5} The Ninth District also certified that its decision conflicted with State v. Sturgill, 12th Dist. Clermont Nos. CA2013-01-002 and CA2013-01-003, 2013-Ohio-4648, 2013 WL 5741435. In Sturgill, the Twelfth District analyzed the sentence imposed for identical third-degree-felony-OVI and repeat-offender-specification convictions. It upheld Sturgill’s five-year sentence for the underlying OVI conviction and separate five-year mandatory sentence for the specification conviction. Id. at ¶ 40, 44.[1]
{¶ 6} We agreed that a conflict exists on the following question: “When a defendant is convicted of [an] R.C. 2941.1413 specification, does Ohio’s OVI statute, R.C. 4511.19[,] prevail so that a five year sentence can be imposed for a third degree felony OVI or does R.C. 2929.14(A) require that the maximum sentence that can be imposed is three years?” 139 Ohio St.3d 1402, 2014-Ohio-2245, 9 N.E.3d 1061.
{¶ 7} The certified question assumes that the applicable statutes are irreconcilable. We conclude, however, that we can harmonize the statutes; no one provision need prevail over the others. And harmonizing them, we hold that offenders convicted of a third-degree-felony OVI and a repeat-offender specification under R.C. 2941.1413 are subject to the following: (1) for the specification conviction, a one- to five-year mandatory prison sentence, which must be served prior to and consecutive to any additional prison term and (2) for the underlying OVI conviction, a discretionary term of 9 to 36 months.

Analysis

{¶ 8} Our primary concern when construing statutes is legislative intent. State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn., 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996). When we construe statutes relating to the same subject matter, we consider them together to determine the General Assembly’s intent — even when the various provisions were enacted separately and make no reference to each other. D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 20, citing State ex rel. Pratt v. Weygandt, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph two of the syllabus. This requires us to harmonize provisions unless they irreconcilably conflict. Hughes v. Ohio Bur. of Motor Vehicles, 79 Ohio St.3d 305, 308, 681 N.E.2d 430 (1997). In doing so, “we must arrive at a reasonable construction giving the proper force and effect, if possible, to each statute.” D.A.B.E. at ¶ 20, *298 citing Maxfield v. Brooks, 110 Ohio St. 566, 144 N.E. 725 (1924), paragraph two of the syllabus.
{¶ 9} Mindful of these principles, we consider the sentencing statutes applicable to these convictions. Scattered among multiple provisions within four separate statutes, they are repetitive and confusing, to say the least. We consider each statute, in turn.
R.C. 4511.19
{¶ 10} South was convicted of violating R.C. 4511.19(A)(1)(a) and (d), which prohibit operating a motor vehicle while under the influence of alcohol or drugs. R.C. 4511.19(G)(1) requires a court to sentence an offender under R.C. Chapter 2929, “except as otherwise authorized or required by” R.C. 4511.19(G)(1)(a) to (e). R.C. 4511.19(G)(1)(e) provides that an offender who, like South, has previously been convicted of a felony OVI, is guilty of a felony of the third degree. For an offender who, like South, is being sentenced for a violation of R.C. 4511.19(A)(1)(a) or (d), subsection (G)(l)(e)(i) requires the court to impose “a mandatory prison term of one, two, three, four, or five years as required by and in accordance with [R.C. 2929.13(G)(2)] if the offender also is convicted of or also pleads guilty to a specification of the type described in [R.C. 2941.1413].”
{¶ 11} So, applied here, R.C. 4511.19 identifies South’s offenses as third-degree felonies. But more important for the question at hand, cross-referencing both R.C. 2929.13(G)(2) and 2941.1413, R.C. 4511.19 requires a sentencing court to impose a mandatory term of one to five years if an offender is convicted of a specification pursuant to R.C. 2941.1413. We turn, then, to the specification.
R.C. 2941.1413
{¶ 12} South was convicted of violating R.C. 2941.1413(A), which prescribes the repeat-offender specification an indictment must include in order to support “[imposition of a mandatory additional prison term of one, two, three, four, or five years upon an offender under” R.C. 2929.13(G)(2). In this way, this section simply repeats the one- to five-year mandatory additional prison term that R.C. 4511.19 prescribes. Both sections also refer to R.C. 2929.13, which we consider next.
R.C. 2929.13
{¶ 13} R.C. 2929.13 is a general sentencing statute that provides guidance by degree of felony. R.C. 2929.13(A) states: “Except as provided in division (E), *299 (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in” R.C. 2929.14 to 2929.18.
{¶ 14} R.C. 2929.13(A) provides that if the offender is being sentenced for a third-degree-felony-OVI offense, in addition to “the mandatory prison term required for the offense by division (G)(1) or (2) of this section,” the court must impose a fine
and may impose whichever of the following is applicable:
(2) For a third or fourth degree felony OVI offense for which sentence is imposed under division (G)(2) of this section, an additional prison term as described in [R.C. 2929.14(B)(4) ] or a community control sanction as described in (G)(2) of this section.
R.C. 2929.13(G) says:
Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a * * * third degree felony OVI offense, the court shall impose upon the offender a mandatory term' of local incarceration or a mandatory prison term in accordance with the following:
(2) If the offender is being sentenced for a third degree felony OVI offense, * * * the court shall impose upon the offender a mandatory prison term of one, two, three, four, or five years if the offender also is convicted of or also pleads guilty to a specification of the type described in [R.C. 2941.1413] * * *. * * * The offender shall serve the one-, two-, three-, four-, or five-year mandatory prison term consecutively to and prior to the prison term imposed for the underlying offense and consecutively to any other mandatory prison term imposed in relation to the offense.
{¶ 15} Several points are important here. First, subsection (G)(2) repeats the imposition of a one- to five-year mandatory term following a conviction for an R.C. 2941.1413 specification — the same one- to five-year mandatory term that both R.C. 4511.19 and 2941.1413 impose for the specification conviction. Second, subsection (G)(2) expressly states that the offender must serve the specification- *300 related sentence “consecutively to and prior to the prison term imposed for the underlying offense.” And third, subsection (A) requires that when a sentencing court imposes the mandatory specification-related sentence, the court also “may impose” an additional prison term prescribed in R.C. 2929.14 or a community-control sanction prescribed in subsection (G)(2) for the underlying OVI offense. To determine the term a court may impose, we turn, finally, to R.C. 2929.14.
R.C. 2929.14
{¶ 16} Subject to exceptions not applicable here, R.C. 2929.14 applies if a sentencing court elects or is required to impose a prison term. R.C. 2929.14(A)(3)(a) provides that for a felony of the third degree that is a violation of listed offenses not at issue here, the term “shall be” in the range of 12 to 60 months. But for third-degree-felony offenses not listed in division (A)(3)(a), “the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.” R.C. 2929.14(A)(3)(b).
{¶ 17} R.C. 2929.14(B)(4) also provides:
If the offender is being sentenced for a third or fourth degree felony OVI offense under [R.C. 2929.13(G)(2)], the sentencing court shall impose upon the offender a mandatory prison term in accordance with that division. In addition to the mandatory prison term, * * * if the offender is being sentenced for a third degree felony OVI offense, the sentencing court may sentence the offender to an additional prison term of any duration specified in division (A)(3) of this section.
{¶ 18} Again, several points are important. First, because the underlying OVI offense at issue here is not one of the excepted third-degree felonies listed in R.C. 2929.14(A)(3)(a), subsection (A)(3)(b) provides a sentence of 9 to 36 months for that offense. Second, R.C. 2929.14(B)(4) repeats the requirement of imposing a one- to five-year sentence arising from R.C. 2929.13(G)(2) and the specification conviction. And finally, for those specification-offenders sentenced under R.C. 2929.13(G)(2), R.C. 2929.14(B)(4) expressly states that for third-degree-felony-OVI offenses, a sentencing court may impose “an additional prison term of any duration specified” in R.C. 2929.14(A)(3), that is, a sentence of 9 to 36 months for the underlying OVI offense.

Permissible Sentencing Ranges

{¶ 19} Applying these provisions together, offenders convicted of a third-degree-felony-OVI charge and a repeat-offender specification under R.C. *301 2941.1413 are subject to the following sentencing ranges: (1) a one- to five-year mandatory prison term for the repeat-offender-specification conviction, which must be served prior to and consecutive to any additional prison term imposed under R.C. 2929.14(A)(3)(b) and (2) a discretionary 9- to 36-month definite prison term for the underlying OVI conviction.
{¶20} The justices who dissent in part from this opinion interpret R.C. 2929.14(B)(4) to allow a discretionary sentence of any term provided in R.C. 2929.14(A)(3)(a) or (b). Concurring and dissenting opinion at ¶ 52. In doing so, they rely in part on testimony before criminal-justice committees in both houses of the General Assembly and analyses submitted by the Ohio Judicial Conference and the Ohio Prosecuting Attorneys Association. Id. at ¶ 47-50. This information is unpersuasive because Ohio does not maintain a comprehensive legislative history of its statutes. State v. Dickinson, 28 Ohio St.2d 65, 67, 275 N.E.2d 599 (1971). Instead, we rely on the language the General Assembly chose and our long-established rules of statutory construction.
{¶ 21} Having distilled the sentencing provisions from the various statutory subsections, we now apply them to South.

South’s Sentencing

{¶ 22} Portions of South’s sentencing entry are difficult to decipher, but we can conclude that the trial court imposed a three-year mandatory term for the specification and an additional five-year mandatory term for the underlying OVI offense. The Ninth District addressed only the five-year term for the OVI offense, holding that it was contrary to law. The parties did not address the propriety of the three-year term stemming from the repeat-offender-specification conviction, although the Ninth District vacated that portion of the sentence, too.

Applying the Statutes to South

{¶ 23} For defendants like South, sentencing courts must impose a prison term of one, two, three, four, or five years for the R.C. 2941.1413-specification conviction. R.C. 4511.19(G)(1)(e)(1) and 2929.13(G)(2). Therefore, South’s specification-related sentence — a mandatory three-year prison term — is not contrary to law.
{¶ 24} As to the underlying OVI conviction, R.C. 2929.14(A)(3)(b) provides that any additional prison term for an underlying third-degree-felony-OVI conviction must be 9, 12, 18, 24, or 36 months. South received a five-year mandatory prison term for his underlying OVI conviction. Therefore, that sentence is contrary to law, and the Ninth District correctly vacated South’s underlying OVI-related prison term.
*302 {¶ 25} We note, too, that the trial court labeled the five-year additional prison term for the underlying OVI conviction as “mandatory.” But there is no statutory provision imposing a mandatory additional sentence for third-degree-felony-OVI convictions underlying R.C. 2941.1413-specification convictions. Rather, as noted, for the underlying third-degree-felony-OVI conviction, a trial court may impose an additional definite term of 9 to 36 months.
{¶ 26} Though the parties did not discuss it, State v. Evans, 113 Ohio St.3d 100, 2007-Ohio-861, 863 N.E.2d 113, along with R.C. 2953.08(G)(2), compels us to reverse the appellate court’s decision to vacate South’s statutorily authorized specification-related prison term. As the appellate court noted, R.C. 2953.08(G)(2) allows appellate courts to “vacate the sentence and remand the matter to the sentencing court for resentencing” if the sentence is contrary to law. See also State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 4. But in Evans, we stated:
[T]he Revised Code does not provide that either a trial court or an appellate court may consider an offense and an attendant specification together as a “bundle.” Rather, the sentencing statutes set forth the sanctions available for an underlying offense and, separately, the additional sanctions for a specification.
Id. at ¶ 16, citing R.C. 2929.11 through 2929.19. Because there is no infirmity in South’s specification-related prison term, the appellate court should not have vacated and remanded that sanction for resentencing. We reverse that portion of the appellate court’s judgment.

Conclusion

{¶ 27} We affirm in part and reverse in part the Ninth District’s judgment. We reinstate South’s mandatory three-year prison sentence associated with his repeat-offender-specification conviction, and we remand this matter to the trial court for resentencing on the underlying OYI conviction in accordance with R.C. 2929.14(A)(3)(b).
Judgment affirmed in part and reversed in part, and cause remanded.
O’Connor, C.J., and Pfeifer, Lanzinger, and O’Neill, JJ., concur.
O’Donnell and Kennedy, JJ., concur in part and dissent in part.

. We note that since oral argument in this case, the Twelfth District has overruled Sturgill and interpreted the sentencing statutes consistent with our holding today. State v. Burkhead, 12th Dist. Butler No. CA2014-02-028, 2015-Ohio-1085, 2015 WL 1291538.