**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State v. Mercier,* **Slip Opinion No. 2016-Ohio-128.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-128

THE STATE OF OHIO, APPELLEE, *v.* MERCIER, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Mercier,* Slip Opinion No. 2016-Ohio-128.]**

*Court of appeals' judgment reversed on the authority of* State v. South—*Cause remanded.*

(Nos. 2014-1409 and 2014-1411—Submitted November 17, 2015—Decided January 19, 2016.)

APPEAL from and CERTIFIED by the Court of Appeals for Franklin County, No. 13AP-906, 2014-Ohio-2910.

_____

{¶ 1} The judgment of the court of appeals is reversed, the trial court's sentencing order is vacated, and the cause is remanded to the trial court on the authority of *State v. South*, Slip Opinion No. 2015-Ohio-3930.

O'CONNOR, C.J., and PFEIFER, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

KENNEDY, J., concurs in judgment only.

O'DONNELL, J., dissents.

_____

**KENNEDY, J., concurring in judgment only**.

{¶ 2} In *State v. South,* Slip Opinion No. 2015-Ohio-3930, I dissented from the majority's conclusion that a trial court has discretion to sentence an offender for an underlying third-degree-felony offense of operating a vehicle while under the influence ("OVI") only to the prison terms specified in R.C. 2929.14(A)(3)(b). It was my opinion that based on the statutory language of R.C. 2929.14(B)(4), it is within a trial court's discretion to impose an additional prison term of any duration as set forth in R.C. 2929.14(A)(3)(a) *and* (b) for the underlying OVI conviction for a felony of the third degree. *Id*. at ¶ 44 (Kennedy, J., concurring in part and dissenting in part). Because the majority opinion in *South* is controlling law, I respectfully concur in judgment only.

_____

Ron O'Brien, Franklin County Prosecuting Attorney, and Michael P. Walton, Assistant Prosecuting Attorney, for appellee.

Yeura R. Venters, Franklin County Public Defender, and Timothy E. Pierce, Assistant Public Defender, for appellant.

_____