[Cite as *State v. Tackett*, 2016-Ohio-3005.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-A-0067** |
| DALE L. TACKETT, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2011 CR 159.

Judgment:  Appeal dismissed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Dale L. Tackett*, pro se, 2011 East Morgan Road, Jefferson, OH  44047 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}    Appellant, Dale Tackett, appeals the trial court's denial of his "motion to vacate void sentence for good cause" and argues that his OVI sentence is void based on the Ohio Supreme Court's decision in *State v. South*, 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.3d 734.  For the following reasons, this appeal is dismissed.

**{¶2}** Tackett previously appealed his conviction and sentence for two, fourth-degree felony counts of operating a motor vehicle while under the influence of alcohol (OVI), in violation of R.C. 4511.19, with a specification under R.C. 2941.1413 that he had at least five prior convictions of a similar nature within the past 20 years. *State v. Tackett*, 11th Dist. Ashtabula No. 2012-A-0015, 2013-Ohio-4286. We affirmed in part, and reversed and remanded in part for resentencing holding that the trial court's imposition of a mandatory 120-day sentence for the underlying OVI was contrary to law. Instead, we held that the trial court should have imposed a mandatory one to five year sentence for the underlying OVI in addition to the mandatory one to five year sentence for the specification. *Id*. at ¶13-14. Our decision was issued September 30, 2013.

**{¶3}** On remand, the trial court complied with our directive, and Tackett again appealed. His appointed counsel filed a no-merit brief, and we subsequently overruled his pro se assigned errors and did not appoint new appellate counsel. *State v. Tackett*, 11th Dist. Ashtabula Nos. 2014-A-0038 and 2014-A-0042, 2015-Ohio-3411. One of his asserted errors claimed that the trial court erred in resentencing him to mandatory terms of imprisonment on both the specification and the underlying OVI offense. We rejected this argument based on the law of the case doctrine noting that the Ohio Supreme Court had not accepted his appeal for review. *Id.* at ¶9-10; *State v. Tackett*, 137 Ohio St.3d 1476, 2014-Ohio-176, 2 N.E.3d 270. Tackett did not appeal this decision, issued August 24, 2015.

**{¶4}** The Ohio Supreme Court subsequently issued its decision in *South*, infra, on September 30, 2015, addressing the imposition of mandatory terms of imprisonment for violations of the repeat OVI specification as well as for the underlying OVI offense.

**{¶5}** Tackett's sole assigned error asserts, "the trial court erred by refusing to void the sentence for the underlying OVI, as required by statute, and the Ohio Supreme Court authority." He claims the Supreme Court's decision in *South*, infra, establishes that the trial court's imposition of a mandatory sentence of one year for his underlying OVI conviction in addition to the mandatory term for the specification is contrary to law and void. As Tackett contends, *South* held in part that although the specification carries a one to five year mandatory sentence, the underlying OVI conviction does *not* carry a mandatory sentence. Instead, it authorizes a discretionary prison term. *State v. South*, 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.3d 734, ¶15-19; *State v. Roberts*, 1st Dist. Hamilton No. C-140331, 2016-Ohio-903, ¶11.

**{¶6}** Notwithstanding, Tackett has already served his sentence and has been released from prison.

**{¶7}** "If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction. Therefore, appellant's assertion that the trial court erred in determining the length of that sentence is a moot issue because appellant has already served his sentence, and no relief can be granted by this court subsequent to the completion of the sentence if the underlying conviction itself is not at issue." *State v. Beamon*, 11th Dist. Lake No. 2000-L-160, 2001 Ohio App. LEXIS 5655, *4 (Dec. 14, 2001), citing *State v. Blivens*, 11th Dist. Lake No. 98-L-189, 1999 Ohio App. LEXIS 4647, at *2 (Sept. 30, 1999); *State v. Bostic*, 8th Dist. Cuyahoga No. 84842, 2005-Ohio-2184, ¶21-23; *State v. Gruttadauria*, 8th Dist. Cuyahoga No. 90384, 2008-Ohio-3152, ¶6 (explaining that when an appeal challenges

3

only the length of a sentence or the manner in which a sentence is to be served, "there is no collateral disability or loss of civil rights that can be remedied after a sentence is completed").

{¶8} The courts in *Beamon*, *Blivens*, and *Gruttadauria*, *supra*, dismissed the appeals before them because the appellant in each case was challenging only the length of the prison term imposed for their sentence that had already been served.

{¶9} Tackett's sole argument is moot because he is only challenging the length of his sentence and not the underlying conviction, and as such we lack jurisdiction to grant relief. *State v. Moore*, 4th Dist. Adams No. 13CA987, 2015-Ohio-2090, ¶6; *State v. Univ. of Akron*, 9th Dist. Summit No. 8078, 1976 Ohio App LEXIS 6147, *3 (July 8, 1976). Accordingly, Tackett's appeal is dismissed.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.

4