O’Neill, J.,
dissenting.
{¶ 73} Reconsideration of this case is improper. On December 23, 2016, we released State v. Gonzales, 150 Ohio St.3d 261, 2016-Ohio-8319, 81 N.E.3d 405 (“Gonzales I”). Justice Lanzinger authored a lead opinion that Justice Pfeifer and I joined. Justice Kennedy authored an opinion concurring in judgment only. Chief Justice O’Connor authored a dissenting opinion that Justices O’Donnell and French joined. Each of the opinions in Gonzales I was fully and carefully considered by the seven justices of the court. The only thing that has changed since Gonzales I is the makeup of the court. From this day forward, newly seated justices on this court have a license to reconsider that which they never considered in the first place.
{¶ 74} Under S.Ct.Prac.R. 18.02(B), a motion for reconsideration shall not reargue the case. Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision, 139 Ohio St.3d 212, 2014-Ohio-1940, 11 N.E.3d 222, ¶ 9. The state’s motion for reconsideration is a transparent attempt to win this case, not based on the merits of its arguments, but based on the change in the makeup of this court following the 2016 election. I reject the state’s assertion that the lead opinion in Gonzales I misapplied any canon of statutory construction to arrive at its holding. Instead, the lead opinion applied the unambiguous language of the statute. Gonzales I at ¶ 17, 20, 22. While Justice Kennedy stated that the statute was ambiguous, she concurred in the result requiring that the state prove the weight of the cocaine, not the weight of the cocaine and fillers, when proving the degree of the felony. Thus, a majority of the court in Gonzales I addressed the state’s arguments regarding what the statute should say and concluded that those arguments were insufficient to overcome what the statute clearly does say.- Id.
{¶ 75} Under R.C. 2925.11(C)(4)(a), possession of any amount of cocaine is a fifth-degree felony. To be guilty of a higher degree felony for possession of cocaine under the plain language of subdivisions (C)(4)(b) through (f) of R.C. 2925.11, an offender must possess five or more “grams of cocaine.” The statute establishes penalties for the possession of any type or any amount of cocaine, with increasing penalties for increasing quantities. That is the statutory framework that the General Assembly established. But baby formula, talcum powder, and baking soda, substances commonly mixed with cocaine, are not cocaine. The logic is unassailable. The possession of baby formula, talcum powder, or baking soda does not pose the same risk to the public’s health and safety as possession of cocaine does. The wisdom of this statutory framework is not the question to be *295 answered by this court in this case. The statute is unambiguous and must be applied as written.
Paul A. Dobson, Wood County Prosecuting Attorney, and David T. Harold and Thomas A. Matuszak, Assistant Prosecuting Attorneys, for appellant.
Mayle, Ray & Mayle, L.L.C., Andrew R. Mayle, Jeremiah S. Ray, and Ronald J. Mayle, for appellee.
{¶ 76} Gonzales I clearly articulated the correct path for the General Assembly if, in fact, the plain language of the statute does not adequately reflect the intent of the current General Assembly. Gonzales I at ¶ 22 (lead opinion) and ¶ 35 (Kennedy, J., concurring in judgment only) (if the General Assembly intended to include a mixture of cocaine and fillers for the weight threshold in the penalties for possession of cocaine, it can change the statute). And as of this writing, it is moving to amend the statute.[6] This is as it should be. “ ‘[W]e must respect that the people of Ohio conferred the authority to legislate solely on the General Assembly.’ ” Id., quoting State v. South, 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.3d 734, ¶ 28 (O’Connor, C.J., concurring).
{¶ 77} The court’s work in this case was complete on December 23, 2016. A new majority, which includes a justice who took office in 2017, is issuing a decision allowing reconsideration that is not based on any argument that was not expressly addressed in the dissent in Gonzales I. There is nothing new here to be reconsidered. The only thing new is the make-up of this court following the November 2016 election. And that change is not sufficient grounds for granting reconsideration; doing so represents a flagrant departure from our own rules of practice.
{¶ 78} To be clear, today’s majority opinion does a major disservice to the English language to arrive at a desired result. From this date forward, the statute in question will be read to mean that 2.99 grams of baby powder will, now be considered to be 3.00 grams of cocaine if there is even a scintilla of the controlled substance found in the “mixture.” Good enough for government work? I think not. I dissent.
*296 Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney; and Dennis P. Will, Lorain County Prosecuting Attorney, and Matthew A. Kern, Assistant Prosecuting Attorney, urging reconsideration for amicus curiae Ohio Prosecuting Attorney’s Association.
Timothy Young, Ohio Public Defender, and Carrie Wood, Assistant State Public Defender, opposing reconsideration for amicus curiae Office of the Ohio Public Defender.

. Am.H.B. No. 4 is pending in the 132d Ohio General Assembly. The Ohio Legislative Service Commission Bill Analysis states that as a result of this court’s decision in Gonzales I, the proposed legislation amends the law to remove the words “of cocaine” from R.C. 2925.03(C)(4)(c) through (g) and R.C. 2925.11(C)(4)(b) through (f). Ohio Legislative Service Commission, Am.H.B. 4, Bill Analysis As Passed by the House, 2, available at https://www.legislature.ohio.gov/download?key= 6510&format=pdf.