[Cite as *State v. Chancey*, 2017-Ohio-2828.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 16CA18 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| EDWARD CHANCEY | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 05/10/17** |

_____

APPEARANCES:

Angela Wilson Miller, Jupiter, Florida, for Appellant.

Kevin A. Rings, Washington County Prosecuting Attorney, Nicole Tipton Coil, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Edward R. Chancey (Appellant) appeals from the "Journal Entry: Defendant Taken Into Custody to Serve Sentence" entered on May 4, 2016 in the Washington County Court of Common Pleas. Appellant raises three assignments of error with regard to the length of his sentence for a third-degree felony. Upon review, we find merit to Appellant's first assignment of error. Accordingly, we vacate the judgment of the trial court and remand the matter for resentencing consistent with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} Appellant was indicted for a violation of R.C. 4511.19(A)(1)(h) and (G)(1)(e), operating a motor vehicle under the influence after having been previously convicted of a felony OVI. The indictment contained a specification, R.C. 2941.1413, that he had previously been convicted of or pleaded guilty to five or more equivalent offenses. On February 5, 2015, Appellant proceeded to a jury trial, in which he was convicted of a violation of R.C. 4511.19(A)(1)(h) and (G)(1)(e). The details surrounding Appellant's traffic stop are set forth more fully in our decision rendered in his direct appeal, *State v. Chancey,* 4th Dist. Washington No. 15CA17, 2015-Ohio-5585, ¶ 2.

{¶3} The trial court sentenced Appellant to 120 days at the Orient Reception Center to be followed by a mandatory three-year prison term. Appellant filed a timely notice of appeal. In his direct appeal, Appellant argued his conviction was not supported by the sufficiency of the evidence or the manifest weight of the evidence. He further asserted his counsel was ineffective for failing to retain an expert. He did not raise any assignments of error with regard to his sentence, nor did he supplement his appeal with any additional authority regarding his sentence. We considered his arguments under the applicable standards of review and released our

decision in the direct appeal, *State v. Chancey, supra,* on December 24, 2015.

{¶4} The currently appealed from entry notes that on March 14, 2016, Appellant, his counsel, and the assistant prosecuting attorney for Washington County appeared in court and addressed the issue of the imposition of Appellant's sentence in light of our decision in his direct appeal and other "recent opinions concerning the imposition of sentence." The hearing transcript of the March 14th hearing states that the sentence is "hereby modified, consistent with State versus South to 36 months with a credit for 39 days previously served." However, the appealed from entry makes no mention of this order and indicates Appellant was to be "taken into custody to serve the sentence imposed on April 6, 2015."

{¶5} The appealed from entry further notes the matter came on for Appellant's remand into custody on April 18, 2016, where the parties again spoke to the issue of sentence. The defense argued that the sentence originally imposed on April 6, 2015 was improper under Ohio law. The State maintained that Appellant's conviction had been directly appealed and affirmed and that the trial court was without authority to modify the sentence originally imposed on April 6, 2015. The Court found that it did not have authority to amend the sentence originally imposed and ordered Appellant to

serve the sentence imposed on April 6, 2015, 120-days mandatory, plus an additional three years mandatory sentence, for an aggregate sentence of three years and four months.  Appellant was given credit for time served.

{¶6} This timely appeal followed.

ASSIGNMENTS OF ERROR

"I. APPELLANT CHANCEY'S SENTENCE IS VOID DUE TO THE TRIAL COURT'S IMPOSITION OF A PRISON SENTENCE BEYOND THE STATUTORY MAXIMUM IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, OHIO CONSTITUTION, ARTICLE 1, SECTION 10, AND R.C. 2929.14.

II. APPELLANT CHANCEY WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO FILE A MOTION FOR RESENTENCING AND SPECIFICALLY ARGUE THAT CHANCEY'S SENTENCE WAS VOID AND A VIOLATION OF HIS RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTIONS 5, 10, AND 16 OF THE OHIO CONSTITUTION.

III. THE TRIAL COURT ERRED IN SENTENCING CHANCEY TO THREE YEARS AND FOUR MONTHS IN PRISON.  THE SENTENCE IS NOT AUTHORIZED BY STATUTE AND IS CONTRARY TO LAW.  FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE 1, SEC. 10 OF THE OHIO CONSTITUTION.

A.  STANDARD OF REVIEW

{¶7} R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that "the record does not support the sentencing court's findings" under the specified statutory provisions or "the sentence is otherwise contrary to law." *State v. Romine,* quoting *State v. Pippen*, 4th Dist. Scioto No. 14CA3595, 2014-Ohio-4454, ¶ 13. *See State v. Brewer,* 2014-Ohio-1903, 11 N.E.3d 317, ¶ 33 (4th Dist.). Furthermore, a sentence that is void * * * may be reviewed at any time, either on direct appeal or by collateral attack. *State v. Billiter,* 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 10.

## B.  LEGAL ANALYSIS

{¶8} Appellant was sentenced to a mandatory term of 120 days imprisonment to be served first and consecutively to a three-year mandatory prison sentence.  Appellant argues that the Supreme Court of Ohio's decision in *State v. South,* 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.3d 734, is directly applicable to his case and that the maximum sentence he can be given for a felony of the third degree is 36 months.  We initially note that appellant did not raise any argument with regard to his sentence during his

direct appeal.[1]  The first time appellant mentioned the sentencing error is in the current appeal of the "Journal Entry: Defendant Taken Into Custody to Serve Sentence," filed May 4, 2016.  Appellant also did not provide supplemental authority, the *South* decision, while the direct appeal was pending.  Given the fact that Appellant failed to raise the sentencing issue in his direct appeal, the usual application of the doctrine of res judicata would bar consideration of his issue.  However, Appellant now argues his sentence is void, so we begin with a discussion of void jurisprudence.

{¶9} In *Colegrove v. Burns,* 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964), the court described the trial judge's role at sentencing: "Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute.  A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law." *See State v. Williams*, ¶ 20.  And applying this principle in *State v. Beasley,* 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), we stated that "[a]ny attempt by a court to disregard

---

[1] App.R. 12(A)(b) provides that the court of appeals shall determine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16.  App.R. 16(A)(3) further provides that the brief of appellant shall include a "statement of the assignments of error presented for review," and subpart (A)(7) specifies that there must be an "argument, containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions,* * * and parts of the record on which appellant relies."

statutory requirements when imposing a sentence renders the attempted

sentence a nullity or void."

{¶10} Our jurisprudence on void sentences "reflects a fundamental

understanding of constitutional democracy" that the power to define criminal

offenses and prescribe punishment is vested in the legislative branch of

government, and courts may impose sentences only as provided by statute.

*Williams*, ¶ 22, quoting *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-

6238, 942 N.E.2d 332, ¶ 21-22.  Because "[n]o court has the authority to

impose a sentence that is contrary to law," *Id.* at ¶ 23, when the trial court

disregards statutory mandates, "[p]rinciples of res judicata, including the

doctrine of the law of the case, do not preclude appellate review.  The

sentence may be reviewed at any time, on direct appeal or by collateral

attack." *Id.* at ¶ 30.

{¶11} The currently appealed from entry emerged subsequent to the

March 14th and April 18th remand hearings when defense counsel argued

that, pursuant to the *South* decision, Appellant's sentence was more than the

statutory maximum.  Under the particular facts of this case, we construe

counsel's arguments at the April 18th hearing as an oral motion to correct

sentence.[2]  Generally, courts may recast irregular motions into whatever category necessary to identify and to establish the criteria by which a motion should be evaluated.[3]  As such, we proceed to consider Appellant's argument that his sentence is void.

{¶12} In *South, supra,* the Supreme Court of Ohio held that a trial court must sentence a defendant convicted of a third-degree-felony operating-a-vehicle-while-under-the-influence (OVI) and a repeat-offender specification, pursuant to R.C. 2941.1413, to a mandatory prison term of one- to five-year sentence for the repeat-offender specification, which must be served prior to and consecutive to any additional prison term, and a discretionary term of 9 to 36 months for the underlying OVI conviction.  In *South,* the trial court's imposition of a three-year mandatory prison term for repeat-offender specification was not contrary to law, but a five-year mandatory prison term imposed for defendant's underlying third-degree felony OVI was contrary to law, requiring remand.  Appellant points out that, unlike South, he was not convicted of the specification, R.C. 2941.1314, and argues that under *South,* the maximum prison term that can be imposed for a third-degree felony OVI, the underlying offense, is 36

---

[2] Other courts have, in turn, construed irregular motions as petitions for post-conviction relief. *State v. Sanders,* 4th Dist. Pickaway No. 13CA29, 2014-Ohio-2521, ¶ 6.

[3] *State v. Lett,* 7th Dist. Mahoning No. 09MA131, 2010-Ohio-3167, at ¶ 15, citing *State v. Schlee,* 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, at ¶ 12.

months. The State's brief essentially argues that Appellant's sentence was affirmed in his direct appeal and there was nothing the trial court could have done at the March 16th remand hearing other than remand Appellant into custody to begin serving his sentence.[4]

{¶13} In the case sub judice, Appellant was convicted of R.C. 4511.19(A)(1)(h) and (G)(1)(e). R.C. 4511.19(A)(1)(h) provides:

> (A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
>
> * * *
>
> (h) The person has a concentration of seventeen-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath.

{¶14} R.C. 4511.19(G)(1)(e) further provides:

> (G)(1) Whoever violates any provision of divisions (A)(1)(a) to (i) or (A)(2) of this section is guilty of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them. Whoever violates division (A)(1)(j) of this section is guilty of operating a vehicle while under the influence of a listed controlled substance or a listed metabolite of a controlled substance. The court shall sentence the offender for either

---

[4] Appellant's conviction was affirmed based on resolution of the assignments of error raised. This court does have the authority to sua sponte consider plain error. *See State v. Wharton,* 4th Dist. Hocking No. 15CA9, 2-15-Ohio-5026. In *Wharton,* the defendant argued that the trial court erred by failing to merge the offense of telecommunications fraud with the identity fraud offense. We found that the two offenses were not allied and overruled the sole assignment of error. However, in conducting a de novo review of the trial court's merger determination, we discovered the trial court imposed a sentence that was contrary to law and, *sua sponte,* vacated Wharton's sentence, reversed, and remanded for proceedings consistent with the opinion. In *Wharton,* we considered the record, from the outset, under the de novo standard of review, a different circumstance than presented herein. Raising alleged errors to the attention of the court remains the duty of the Appellant.

offense under Chapter 2929 of the Revised Code, except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section:

* * *

(e) An offender who previously has been convicted of or pleaded guilty to a violation of division (A) of this section that was a felony, regardless of when the violation and the conviction or guilty plea occurred, is guilty of a felony of the third degree. The court shall sentence the offender to all of the following:

* * *

ii) If the sentence is being imposed for a violation of division (A)(1)(f), (g), (h), or (i) or division (A)(2) of this section, a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code or a mandatory prison term of one hundred twenty consecutive days in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender is not convicted of and does not plead guilty to a specification of that type. The court may impose a prison term in addition to the mandatory prison term. The cumulative total of a one hundred twenty-day mandatory prison term and the additional prison term for the offense shall not exceed five years. In addition to the mandatory prison term or mandatory prison term and additional prison term the court imposes, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

{¶15} Further, R.C. 2929.13(G)(2) provides:

(G) Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a fourth degree felony OVI

offense or for a third degree felony OVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:

      * * *

(2) If the offender is being sentenced for a third degree felony OVI offense, or if the offender is being sentenced for a fourth degree felony OVI offense and the court does not impose a mandatory term of local incarceration under division (G)(1) of this section, the court shall impose upon the offender a mandatory prison term of one, two, three, four, or five years if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code or shall impose upon the offender a mandatory prison term of sixty days or one hundred twenty days as specified in division (G)(1)(d) or (e) of section 4511.19 of the Revised Code if the offender has not been convicted of and has not pleaded guilty to a specification of that type. Subject to divisions (C) to (I) of section 2967.19 of the Revised Code, the court shall not reduce the term pursuant to section 2929.20, 2967.19, 2967.193, or any other provision of the Revised Code. The offender shall serve the one-, two-, three-, four-, or five-year mandatory prison term consecutively to and prior to the prison term imposed for the underlying offense and consecutively to any other mandatory prison term imposed in relation to the offense.

{¶16} In *South,* the Supreme Court of Ohio recognized that the applicable statutes, R.C. 4511.19(A), R.C. 4511.19(G)(1)(e), R.C. 2941.1413, R.C. 2929.13(G)(2) and R.C. 2929.14(A)(3)(b) were thought to be irreconcilable. However, the justices in *South* concluded that they could harmonize the statutes and no one provision need prevail over the others. The Eighth District Court of Appeals considered a similar sentencing issue

in *State v. Semenchuk,* 8th Dist. Cuyahoga No. 102636, 2015-Ohio-5408,

decided December 24, 2015.

{¶17} In *Semenchuk,* the defendant pleaded guilty to a violation of

R.C. 4511.19(A)(1)(a), a third-degree felony pursuant to R.C.

4511.19(G)(1)(e).  The trial court sentenced him to a five-year term of

imprisonment and various other sanctions.  Semenchuk appealed, arguing

several assignments of error, including that the maximum sentence for a

felony three OVI without the R.C. 2941.1413 specification was three years.

The appellate court agreed with his argument, holding:

> "The Ohio Supreme Court recently settled the issue and held
> that an offender convicted of a third-degree felony OVI and the
> repeat-offender specification is subject to (1) a one- to five-year
> mandatory, consecutive prison sentence under the specification,
> and (2) an additional discretionary term of 9 to 36 months for
> the underlying OVI conviction pursuant to R.C. 2929.14(A)(3).
> *State v. South*, Slip Opinion No. 2015-Ohio-3930. We need not
> dwell on this issue. Semenchuk was not found guilty of the
> R.C. 2941.1413 specification, and therefore, the maximum
> sentence for his offense was three years irrespective of the
> *South* decision."

{¶18} Semenchuk was convicted of R.C. 4511.19(A)(1)(a).  R.C.

4511.19(G)(1)(e)(i), provides:

> "[i]f the offender is being sentenced for a violation of division
> (A)(1)(a) * * * of this section, [the court shall impose] a
> mandatory prison term of one, two, three, four, or five years as
> required by and in accordance with division (G)(2) of section
> 2929.13 of the Revised Code if the offender also is convicted of
> or also pleads guilty to a specification of the type described in

section 2941.1413 of the Revised Code *or a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender is not convicted of and does not plead guilty to a specification of that type.* (Emphasis added.) The court may impose a prison term in addition to the mandatory prison term. The cumulative total of a sixty-day mandatory prison term and the additional prison term for the offense shall not exceed five years.

{¶19} The *Semenchuk* court emphasized that if the offender was not also convicted of that specification, the trial court must sentence the offender to a mandatory 60-day prison term in accordance with subsection (G)(2) of R.C. 2929.13. The appellate court further cited that subsection in paragraph 7:

"If the offender is being sentenced for a third degree felony OVI offense, * * * the court shall impose upon the offender a mandatory prison term of one, two, three, four, or five years if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code or shall impose upon the offender a mandatory prison term of sixty days or one hundred twenty days as specified in division (G)(1)(d)(or (e) of section 4511.19 of the Revised Code if the offender has not been convicted or and has not pleaded guilty to a specification of that type R.C. 2929.14(G)(2)."

{¶20} The *Semenchuk* opinion clarified that if not convicted of the specification, the offender was subject to a three-year maximum sentence pursuant to a third-degree felony sentencing, 60 or 120 days of which include the maximum mandatory portion of the sentence pursuant to the OVI specific statutes provided by R.C. 4511.19(G)(1)(d) or (e).

**{¶21}** The *Semenchuk* opinion went on to explain that in addition to the OVI specific statues, if the trial court imposes an additional basic term for a third-degree felony pursuant to R.C. 2929.14(B)(4), the additional 60 or 120-day prison terms imposed under the felony OVI specific statues reduce the total prison term imposed under R.C. 2929.14(A)(3)(b) so as to limit the maximum aggregate term. ¶ 8.  R.C. 2929.14(B) provides in pertinent part:

> "(4) If the offender is being sentenced for a third or fourth degree felony OVI offense under division (G)(2) of section 2929.13 of the Revised Code, the sentencing court shall impose upon the offender a mandatory prison term in accordance with that division. In addition to the mandatory prison term, if the offender is being sentenced for a fourth degree felony OVI offense, the court, notwithstanding division (A)(4) of this section, may sentence the offender to a definite prison term of not less than six months and not more than thirty months, and if the offender is being sentenced for a third degree felony OVI offense, the sentencing court may sentence the offender to an additional prison term of any duration specified in division (A)(3) of this section. *In either case, the additional prison term imposed shall be reduced by the sixty or one hundred twenty days imposed upon the offender as the mandatory prison term.* (Emphasis added.) The total of the additional prison term imposed under division (B)(4) of this section plus the sixty or one hundred twenty days imposed as the mandatory prison term shall equal a definite term in the range of six months to thirty months for a fourth degree felony OVI offense and shall equal one of the authorized prison terms specified in division (A)(3) of this section for a third degree felony OVI offense. If the court imposes an additional prison term under division (B)(4) of this section, the offender shall serve the additional prison term

after the offender has served the mandatory prison term required for the offense."[5]

**{¶22}** R.C. 2929.14(A)(3)(b) provides:

"For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."

In Semenchuk's case, the Eighth District Appellate Court held at ¶ 9:

"As a result, we conclude that for a third degree felony offense under R.C. 4511.19(G)(1)(e) without the accompanying specification, the maximum aggregate term is limited to the term authorized by subsection (A)(3)(b) - three years, 60 days of which are mandatory. R.C. 2929.14(B)(4); *see also South*."

**{¶23}** Applying the reasoning set forth by the Eighth District, we find Appellant's argument that his sentence is void for failure to comply with statutorily mandated terms has merit. His sentence is contrary to law. Appellant, convicted of *R.C. 4511.19(A)(1)(h),* to which the mandatory 120 days pursuant to subsection *(G)(1)(e)(ii)* applies, without the accompanying specification, should have been sentenced to a maximum aggregate sentence of three years, reduced by the mandatory 120 days. We hereby sustain his first assignment of error. And, as such, the second and third assignments of error have become moot. Accordingly, we remand the matter for resentencing consistent with this opinion.

---

[5] The current version of the statute, cited above, became effective September 14, 2016. However, the language of the statute was the same at the time Appellant was sentenced.

**JUDGMENT REVERSED
AND CAUSE REMANDED.**

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED.  Appellant shall recover any costs herein from Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.:  Concur in Judgment Only.

For the Court,


BY:  _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**