Fischer, J., dissenting.
{¶ 49} I respectfully dissent. The Power Siting Board interprets R.C. 4906.07(B) both workably and reasonably. The majority opinion, by contrast, creates an unworkable rule that will result in a significant increase in the situations in which a certificate holder must file an application for an amendment of a siting certificate that was previously granted by the board. Further, the majority opinion relies on a plain-meaning definition of the term "amendment," but it reads the term in isolation. The majority opinion does this despite the fact that its plain-meaning interpretation is unsupportable when the term "amendment" is read in the context of the complete statutory scheme.
{¶ 50} As a starting point, the majority opinion notes that the General Assembly has not defined "amendment" in R.C. Chapter 4906. This is true, but only to the limited extent that R.C. 4906.01, which provides explicit definitions of several terms used in the statutory scheme, does *801 not provide a specific definition of "amendment." However, as this court has previously explained, when construing statutes relating to the same subject matter, the court will "consider them together to determine the General Assembly's intent." State v. South , 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.3d 734, ¶ 8.
{¶ 51} Relying on R.C. 4906.07(B), the board in its brief argues that only "a proposed change to the facility " constitutes an amendment. (Emphasis sic.) And because an extension of a certificate's duration does not involve any change to the facility , the board argues that it properly approved the extension of the certificate previously granted to Black Fork Wind Energy, L.L.C., even though Black Fork did not file an application for an amendment of the certificate. The board *196 further asserts that it has consistently extended certificates by granting motions since 1996 and that its long-standing administrative practice is entitled to considerable deference.
{¶ 52} R.C. 4906.07(B) provides:
On an application for an amendment of a certificate, the board shall hold a hearing in the same manner as a hearing is held on an application for a certificate if the proposed change in the facility would result in any material increase in any environmental impact of the facility or a substantial change in the location of all or a portion of such facility other than as provided in the alternates set forth in the application.
(Emphasis added.) The board argues that the italicized portion of the statute demonstrates that the legislature presupposed that an "amendment" of a certificate is at issue only when changes in the facility are proposed. Therefore, argues the board, R.C. 4906.07(B) is good evidence that the General Assembly intended that only proposed changes to a facility require an "amendment" of the certificate.
{¶ 53} Reading the statute in context, particularly the phrase "the proposed change in the facility," R.C. 4906.07(B) provides that the board can approve some proposed changes to a certificate only if the certificate holder has filed an application for an amendment of the certificate. R.C. 4906.07(B), by implication, authorizes the board to consider and approve other changes to a certificate even if the certificate holder submits the request for a change in some other form, e.g., by motion. The remainder of the language in R.C. 4906.07(B) explains which types of applications for amendments necessitate that the board hold a hearing prior to rendering its decision.
{¶ 54} The phrase "the proposed change in the facility" (emphasis added), as used in R.C. 4906.07(B), makes sense only if there is a proposed change in the facility. If the legislature intended that a certificate holder needs to file an application for an amendment when the proposed change is not to "the facility," the statute would be worded to specify "any proposed change in the facility" or "the proposed change in the certificate ." Under R.C. 4906.07(B), an "amendment" of a certificate is necessary only when the change proposed is a change to the facility.
{¶ 55} The concurring opinion speculates that "the legislature did not hide substantive limitations on the amendment of a certificate in a provision that specifically addresses when 'the board shall hold a hearing.' " Concurring opinion at ¶ 40, quoting R.C. 4906.07(B). The limitation, however, is in the text of the statutory scheme. The court's role is to interpret the statutory scheme, not to *197 theorize that the legislature could have chosen a particular *802 different method for providing a limitation that the legislature has plainly provided.
{¶ 56} Here, the board determined that an amendment of a certificate is at issue only when the proposed alteration to the certificate relates to a proposed change to the facility. The board's interpretation is consistent with the statutory scheme, and, as noted above, statutes relating to the same subject matter should be construed by considering them together. South , 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.3d 734, at ¶ 8.
{¶ 57} Moreover, the board's interpretation of the statute is workable whereas the majority opinion's interpretation is problematic. Surely, not every proposed minor revision or modification, change made by addition or deletion, correction of a mistake or mistakes, insignificant reformation, nonsubstantive adjustment, or other change or alteration in any way, especially in phraseology, to the original certificate necessitates that the certificate holder file an application for an amendment or that the board treat a motion to change a certificate as if it were an application to amend it. Having to conduct an investigation before approving an "amendment" every time a certificate holder requests a minor change to a certificate would create a substantial burden for the board in certain cases and, for that reason, would be unworkable in those cases. More importantly, such a reading of R.C. 4906.07(B) takes the phrase "the change in the facility" out of the context provided by the statute. Indeed, a plurality opinion of this court aptly described the power-siting statutes as authorizing "a dynamic process that does not end with the issuance of a construction certificate." In re Application of Buckeye Wind, L.L.C. , 131 Ohio St.3d 449, 2012-Ohio-878, 966 N.E.2d 869, ¶ 16.
{¶ 58} The concurring opinion states that "an application for an amendment is required to be filed only when the proposed change to the certificate amounts to an 'amendment' of it." Concurring opinion at ¶ 47. I respectfully disagree on this point because, as stated above, R.C. 4906.07(B) provides that an application for an amendment is required only when the change proposed is "a change in the facility " (emphasis added) not a change in the certificate .
{¶ 59} Further, the board has an established administrative practice of considering certificate extensions based on motions rather than on amendment applications. The board states in its brief that it has considered such motions in seven other siting cases starting with an order it issued in 1996. "This court has long recognized that long-standing administrative interpretations are entitled to special weight." Cleveland v. Pub. Util. Comm. , 67 Ohio St.2d 446, 451, 424 N.E.2d 561 (1981). This principle should not be lightly disregarded, especially considering that certificate holders have relied on the board's prior administrative practice in many situations and could be prejudiced by a significant change to the established process when no prior warning of the change has been given.
*198 {¶ 60} R.C. 4906.07(B) has one workable and reasonable interpretation, and that interpretation-which the board has consistently applied as an established and long-standing administrative practice-was properly applied by the board in its orders in this case. Consequently, there is no need to decide whether the appellants were prejudiced when the board granted Black Fork's motion for an extension of its certificate.
{¶ 61} In conclusion, after reasonably interpreting R.C. 4906.07(B), the board determined that an amendment of a certificate is required only when the change *803 proposed is a "proposed change in the facility." The board can approve an extension of the duration of a certificate by granting a motion under our statutory scheme because such a change does not involve a change "in the facility." This is in contrast to a proposed change that would require an amendment of the certificate because it does involve a change to "the facility."
{¶ 62} Here, the certificate extension does not involve a change "in the facility" and the board has acted in accordance with its longstanding administrative practice, which does not conflict with the statute. Hence, the board properly granted Black Fork's motion to extend the time to commence construction.
{¶ 63} I would affirm the board's decision and, therefore, I respectfully dissent.
O'Donnell, J., concurs in the foregoing opinion.