[Cite as *State v. Latapie*, 2023-Ohio-1505.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 21CA12 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| April Ann Latapie, | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 04/28/2023** |

<u>APPEARANCES</u>:

Timothy P. Gleeson, Logan, Ohio, Attorney for Appellant.

Jason D. Holden, Gallia County Prosecuting Attorney, Gallipolis, Ohio, for Appellee.

Wilkin, J.

**{¶1}** Appellant, April Ann Latapie ("Latapie"), appeals the Gallia County Court of Common Pleas judgment entry that sentenced her to a mandatory 60-day prison term and an additional 24-month prison term, followed by a 24-month community-control sanction. The court also reserved a 30-month prison term to be served if Latapie violated the conditions of her community-control sanction. Latapie's sentence included other components that are not contested in this appeal, such as post release control and a driver's license suspension.

**{¶2}** Latapie maintains that her sentence is contrary to law for various reasons. The state argues that Latapie's sentence is not contrary to law because it is authorized by R.C. 4511.19(G)(1)(d)(i). After reviewing the parties' arguments, the record, and the applicable law, we sustain Latapie's assignment

of error in part.  Therefore, we affirm in part, reverse in part, and remand to the trial court for a modification of Latapie's sentence consistent with our decision.

BACKGROUND

{¶3} On March 2, 2021, a grand jury indicted Latapie for operating a motor vehicle under the influence of alcohol and drugs or both ("OVI"), and that she had been convicted or pleaded guilty to five or more prior OVIs within 20 years of the date of the current offense in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(d)(i), which is a fourth-degree felony.  She pleaded not guilty.

{¶4} Eventually, the parties reached a plea agreement, and on August 1, 2021, the court held a change of plea hearing.  Latapie agreed to plead guilty to OVI under R.C 4511.19(A)(1)(a) and (G)(1)(d)(i), and in return the state would not give a sentencing recommendation.  During its colloquy, the court asked Latapie if she understood her OVI charge was a fourth-degree felony for which she could receive a sentence of "60 days mandatory prison with an option of an additional amount from six to 30 months."  She responded affirmatively.  The court went on to state that under an OVI, "[o]nce you're out of prison I can sentence you to a community control sanction, okay?  Um, so you need to understand community control.  That you can be for up to five years and that includes probation.  Do you understand that?"  Latapie again responded affirmatively.  She also stated that she had at least five prior OVI convictions. The court accepted her guilty plea and set a date for sentencing.  On August 2, 2021, Latapie's guilty plea was filed.

{¶5} On August 30, 2021, the court held a sentencing hearing. The court indicated that it had considered Latapie's record, including that she was on probation when the OVI offense herein occurred, had prior OVI convictions, and had not responded favorably to prior sanctions. After considering the applicable factors in R.C. 2929.11 and R.C. 2929.12, the court found Latapie was not amenable to a community-control sanction, so a prison sentence was necessary. The court sentenced Latapie to a mandatory 60-day prison sentence, an additional 24-month prison sentence to be followed by a 24-month community-control sanction with all three sanctions to be served consecutively.

{¶6} Under the community-control sanction, Latapie was "subject to the general supervision and control of the Adult Probation Department under any terms and conditions that they deem appropriate upon release from prison." Furthermore,

> In addition to the standard terms of probation which are incorporated into this sentence, further specific terms of [Latapie's] probation shall include:
> - Successfully complete the Gallia County Common Pleas Drug Court;
> - Intensive supervision reporting;
> - Participate in substance abuse and mental health evaluation and follow-up treatment, including Medication Assisted Treatment if appropriate;
> - Participate in an evaluation and, if needed, consider engaging in trauma treatment;
> - Successfully complete Moral Reconation Training;
> - Comply with ninety (90) days of SAM;
> - Serve one hundred eighty (180) days of jail. Placement is at the discretion of the Gallia County Sheriff. Commitment of these days is deferred until determined necessary by the Court.

**{¶7}** Finally, pursuant to 2929.19(B)(4), the court reserved a 30-month prison term as a possible sanction should Latapie violate her community control. On September 3, 2021, the court issued a sentencing entry reflecting these terms. It is this sentencing entry that Latapie challenges on appeal.

ASSIGNMENT OF ERROR

THE SENTENCE IMPOSED IS CONTRARY TO LAW

**{¶8}** Latapie maintains that her sentence is contrary to law, making several arguments explaining why.

1. The Trial Court Erred In Failing To Reduce Latapie's Additional Prison Term

**{¶9}** Latapie claims that her sentence is contrary to law because the trial court was required to reduce her "additional" 24-month prison term by her "mandatory" 60-day prison term pursuant to R.C. 2929.14(B)(4), but failed to do so. Therefore, she argues her sentence was contrary to law.

2. The Trial Court Erred by Imposing a Mandatory Prison Term, Additional Term, *and* Community-Control Sanctions

**{¶10}** Latapie maintains "[t]he imposition of multiple community control sanctions consecutive to the prison terms is contrary to R.C. 2929.13(A)(2), R.C. 2929.13(G)(2), R.C. 2929.14(B)(4), R.C. 2929.16, R.C. 2929.17 and R.C. 4511.19(G)(1)(d)(i)." She claims that there are "no less than three different and conflicting grants of authority to trial courts with respect to the imposition of community control sanctions consecutive to a mandatory 60 day prison term imposed for a fourth degree felony OVI offense under R.C. 2929.13(G)(2)."

{¶11} Latapie first claims that in addition to a mandatory prison term, R.C. 2929.13(A)(2) also authorizes either an additional prison term *or* a community-control sanction.  She continues:

> Consistent with this grant of alternate authority (either an additional prison term or a community control sanction), R.C. 2929.13(G)(2), R.C. 2929.16, and R.C. 2929.17 grant authority for trial courts to impose a community control sanction or combination of community control sanctions, in addition to the mandatory prison term.  R.C. 2929.13(G)(2) provides a grant of authority in the singular; one community control sanction as opposed to a combination of multiple community control sanctions.   However, R.C. 2929.16 and R.C. 2929.17 provide a grant of authority for a community control sanction or combination of multiple community control sanctions. Significantly, each of these three sections state the authority to impose a community control sanction, or community control sanctions, is in addition to the mandatory term. These sections do not state that the community control can be imposed in addition to both the mandatory term of prison and an additional term of prison.   In this respect these sections are consistent with R.C. 2929.13(A)(2). [Id, p. 13-14]

{¶12} Next, Latapie maintains that "R.C. 2929.14(B)(4) and R.C. 4511.19(G)(1)(d)(i) grant different, conflicting, and additional authority * * * authoriz[ing] the imposition of an additional prison term of not less than six months and not more than thirty months a*nd* a community control sanction." These provisions conflict with R.C. 2929.13(A)(2), which authorizes additional prison *or* a single community-control sanction).

{¶13} Finally, Latapie maintains that "R.C. 2929.15(A)(1) provides different conflicting, and additional authority" by permitting a mandatory prison term, an additional prison term, and a community control sanction or combination of multiple community-control sanctions.  In this regard, she argues that 2929.15(A)(1) conflicts with R.C. 2929.13(A)(2), which authorizes the trial court

to impose an additional prison term or a community-control sanction, as well as R.C. 2929.13(G)(2), R.C. 2929.14(B)(4) and R.C. 4511.19(G)(1)(d)(i), which all authorize a single community-control sanction.

{¶14} Therefore, Latapie maintains that the rule of lenity must be applied to these alleged conflicts in her favor, which would require application of R.C. 2929.13(A)(2) that would authorize the trial court to impose a mandatory prison term, as well as an additional prison term *or* a community-control sanction, but not both.

3.  The Trial Court's Sentence Is Contrary to Law Because It Includes a Reserved Prison Term and It Is Beyond the Maximum Allowed

{¶15} Latapie first claims that the trial court was not authorized to reserve the 30-month prison term as a possible punishment for a violation of any condition or conditions of her community control.  Specifically, she maintains that R.C. 2929.13(A)(1) authorizes a court to impose a local jail sanction and a community-control sanction.  It also authorizes a court to take an action under R.C. 2929.15(B) to punish an offender who violates a community-control sanction, including prison.  Latapie points out that unlike R.C. 2929.13(A)(1), (A)(2), which authorized the trial court to impose her mandatory prison term and her community-control sanction, contains no language that authorizes a court to punish an offender who violates their community control.  Because R.C. 2929.13(A)(1) and (A)(2) are in consecutive order, she argues the inclusion of the R.C. 2929.15 language in (A)(1) indicates that the absence of such language in (A)(2) was intentional.  Consequently, she claims, when a court sentences a fourth-degree felony OVI offender to prison and a community-control sanction

consistent with R.C. 2929.13(A)(2), the court has no authority to impose a punishment if the offender violates their community control, including the reservation of a prison term.

{¶16} Second, Latapie argues that her sentence could result in her being incarcerated for 5 years and 8 months, which she claims is contrary to the maximum term of 30 months permitted by R.C. 2929.14(B)(4) and R.C. 4511.19(G)(1)(d)(i).

THE STATE'S RESPONSE

{¶17} In response to Latapie's first argument, the state concedes that R.C. 2929.14(B)(4) "clearly states the additional term shall be reduced by the mandatory jail time imposed."

{¶18} In response to her remaining arguments, the state argues that R.C. 4511.19(G)(1)(d)(i) authorizes a court to impose a mandatory 60-day prison term, an additional 24-month prison term and a community-control sanction for a fourth-degree felony OVI offender.  The state further maintains that Latapie's aggregate prison sentence is within the 30-month maximum permitted by R.C. 2929.14(B)(4).

{¶19} Finally, the state maintains that the trial court was authorized to reserve the 30-month prison term, but fails to direct the court to any authority.

LAW

1.  Standard of Review

{¶20} In reviewing a felony sentence, a court of appeals applies the standard of review outlined in R.C. 2953.08(G)(2).  *State v. Prater*, 4th Dist.

Adams No. 18CA1069, 2019-Ohio-2745, ¶ 12, citing *State v. Graham*, 4th Dist.

Adams No. 17CA1046, 2018-Ohio-1277, ¶ 13.  In pertinent part, R.C.

2953.08(G)(2) provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it *clearly and convincingly finds* either of the following:
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
> (b) That the *sentence is* otherwise *contrary to law*.  (Emphasis added.)

"Clear and convincing evidence is 'that measure or degree of proof which * * * '

will produce in the mind of the trier of facts a firm belief or conviction as to

the facts sought to be established.' " *Husted v. Brunner*, 123 Ohio St.3d 288,

2009-Ohio-5327, 915 N.E.2d 1215, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St.

469, 120 N.E.2d 118, paragraph three of the syllabus (1954).  " ' "This is a very

deferential standard of review, as the question is not whether the trial court had

clear and convincing evidence to support its findings, but rather, whether we

clearly and convincingly find that the record fails to support the trial court's

findings." ' " *State v. Walker*, 4th Dist. Washington No. 20CA4, 2021-Ohio-2693,

¶ 11, quoting *State v. Ray*, 2d Dist. Champaign No. 2017-CA-33, 2018-Ohio-

3293, ¶ 11, quoting *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-

217, ¶ 7.

**{¶21}** In this case, Latapie alleges that her sentence is contrary to law. A sentence is contrary to law if the trial court has failed to implement a mandatory sentencing requirement. *See e.g. State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 28, abrogated on other grounds by *State v. Henderson*, 161 Ohio St. 3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 28 (The sentencing "court has a mandatory duty to merge the allied offenses by imposing a single sentence, and the imposition of separate sentences for those offenses - even if imposed concurrently - is contrary to law because of the mandate of R.C. 2941.25(A)."); *see also State v. Marcum*, 4th Dist. Hocking No. 19CA7, 2020-Ohio-3962, ¶ 8 ("A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law.").

## 2.  Sentencing a Fourth-Degree OVI Offender

**{¶22}** There are several Ohio Revised Code sections that address the sentencing of a fourth-degree felony OVI offender that are pertinent to our analysis, including R.C. 4511.19, R.C. 2929.13, R.C. 2929.14, R.C. 2929.15, R.C. 2929.16, and R.C. 2929.17.  In part, R.C. 4511.19, which defines OVI and addresses sentencing, states:

> (G)(1) Whoever violates any provision of divisions (A)(1)(a) to (i) or (A)(2) of this section is guilty of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them. * * * The court shall sentence the offender for [this] offense under Chapter 2929. of the Revised Code, except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section:
>
> * * *
>
> (d) * * * [A]n offender who * * * previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree. The court shall sentence the offender to all of the following:

(i) * * * [I]n the discretion of the court, either a mandatory term of local incarceration of sixty consecutive days in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of that section if the offender is not convicted of and does not plead guilty to a specification of that type. * * * If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months and the prison terms shall be imposed as described in division (G)(2) of section 2929.13 of the Revised Code. If the court imposes a mandatory prison term or mandatory prison term and additional prison term, in addition to the term or terms so imposed, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

In pertinent part, R.C. 2929.13, which address sentencing guidelines for various specific offenses and degrees of offenses, provides:

(A) If the offender is being sentenced for a fourth degree felony OVI offense * * * in addition to * * * the mandatory prison term required for the offense by division (G)(1) or (2) of this section, the court shall impose upon the offender a mandatory fine in accordance with division (B)(3) of section 2929.18 of the Revised Code and may impose whichever of the following is applicable:

* * *

(2) For a * * * fourth degree felony OVI offense for which sentence is imposed under division (G)(2) of this section, an additional prison term as described in division (B)(4) of section 2929.14 of the Revised Code or a community control sanction as described in division (G)(2) of this section.

* * *

(G) Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a fourth degree felony OVI offense or for a third degree felony OVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:

* * *

(2) If * * * the offender is being sentenced for a fourth degree felony OVI offense and the court does not impose a mandatory term of local incarceration under division (G)(1) of this section, the court * * * shall impose upon the offender a mandatory prison term of sixty days * * * if the offender has not been convicted of and has not pleaded guilty to [an R.C. 2941.1413] specification.

* * *

In addition to the mandatory prison term described in division (G)(2) of this section, the court may sentence the offender to a community control sanction under section 2929.16 or 2929.17 of the Revised Code, but the offender shall serve the prison term prior to serving the community control sanction.

R.C. 2929.14(B)(4), which addresses "prison term" states:

If the offender is being sentenced for a * * * fourth degree felony OVI offense under division (G)(2) of section 2929.13 of the Revised Code, the sentencing court shall impose upon the offender a mandatory prison term in accordance with that division. In addition to the mandatory prison term, if the offender is being sentenced for a fourth degree felony OVI offense, the court, notwithstanding division (A)(4) of this section, may sentence the offender to a definite prison term of not less than six months and not more than thirty months[.] * * * [T]he additional prison term imposed shall be reduced by the sixty * * * days imposed upon the offender as the mandatory prison term.
The total of the additional prison term imposed under division (B)(4) of this section plus the sixty * * * days imposed as the mandatory prison term shall equal a definite term in the range of six months to thirty months for a fourth degree felony OVI offense[.] * * * If the court imposes an additional prison term under division (B)(4) of this section, the offender shall serve the additional prison term after the offender has served the mandatory prison term required for the offense. In addition to the mandatory prison term or mandatory and additional prison term imposed as described in division (B)(4) of this section, the court also may sentence the offender to a community control sanction under section 2929.16 or 2929.17 of the Revised Code, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

Last we set out the statutes that address community-control sanctions.

R.C. 2929.15 in part states:

If the court is sentencing an offender for a third or fourth degree felony OVI offense under division (G)(2) of section 2929.13 of the Revised Code, in addition to the mandatory prison term or mandatory prison term and additional prison term imposed under that division, the court also may impose upon the offender a community control sanction or combination of community control sanctions under section 2929.16 or 2929.17 of the Revised Code, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

R.C. 2929.16 in pertinent part states:

The court imposing a sentence for a fourth degree felony OVI offense under division (G)(1) or (2) of section 2929.13 of the Revised Code or for a third degree felony OVI offense under division (G)(2) of that section may impose upon the offender, in addition to the mandatory term of local incarceration or mandatory prison term imposed under the applicable division, a community residential sanction or combination of community residential sanctions under this section, and the offender shall serve or satisfy the sanction or combination of sanctions after the offender has served the mandatory term of local incarceration or mandatory prison term required for the offense.

Finally, R.C. 2929.17 in pertinent part states:

The court imposing a sentence for a fourth degree felony OVI offense under division (G)(1) or (2) of section 2929.13 of the Revised Code or for a third degree felony OVI offense under division (G)(2) of that section may impose upon the offender, in addition to the mandatory term of local incarceration or mandatory prison term imposed under the applicable division, a nonresidential sanction or combination of nonresidential sanctions under this section, and the offender shall serve or satisfy the sanction or combination of sanctions after the offender has served the mandatory term of local incarceration or mandatory prison term required for the offense. The court shall not impose a term in a drug treatment program as described in division (D) of this section until after considering an assessment by a properly credentialed treatment professional, if available.

ANALYSIS

1.  Latapie's Sentence Is Clearly and Convincingly Contrary to Law Because The Trial Court Did Not Reduce Her Prison Term

**{¶23}** We begin our analysis by addressing Latapie's first argument that the trial court erred in failing to reduce her "additional" 24-month prison term by her 60-day mandatory prison term. Notably, the state concedes that the failure to reduce Latapie's 24-month sentence by 60 days was error, but requests this court to make that modification rather than remanding the matter to the trial court.

**{¶24}** In *State v. McClellan*, the Sixth District Court of Appeals recognized that if a trial court sentences a fourth-degree felony OVI offender to a mandatory 60-day prison term and an additional term of 6 to 30 months, "[t]he duration of the additional term is limited in that it 'shall be reduced by the sixty * * * days imposed upon the offender as the mandatory prison term." R.C. 2929.14(B)(4).' " (Ellipses sic.) 6th Dist. Erie No. E-19-075, 2020-Ohio-5551, ¶ 12, quoting R.C. 2929.14(B)(4). *See also State v. Chancey,* 4th Dist. Washington No. 15CA17, 2017-Ohio-2828 (We interpreted language in R.C. 2929.14(B)(4) as similarly requiring the reduction of a third-degree felony OVI offender's prison term).

**{¶25}** In terms of prison, the trial court sentenced Latapie to a 60-day mandatory prison term and an additional 24-months in prison. However, the sentencing entry did not reduce her "additional" 24-month prison term by the 60 days imposed for the mandatory prison term. Therefore, we find that Latapie's sentence *is* clearly and convincingly contrary to law to the extent that the trial court did not reduce Latapie's 24-month prison term by 60 days.

> 2. Latapie's Sentence of Prison and A Community-Control
>    Sanction Is Not Clearly and Convincingly Contrary to Law

**{¶26}** Latapie maintains that the OVI sentencing provisions applicable to fourth-degree felony offenders irreconcilably conflict regarding the type and

number of sanctions that a trial court can impose.  Therefore, applying the rule of lenity, she maintains that her sentence is limited to a mandatory 60-day prison term and an additional prison term *or* a community-control sanction.

**{¶27}** " 'The rule of lenity is a principle of statutory construction that provides that a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant if the intended scope of the statute is ambiguous.' " *State v. Pribble*, 158 Ohio St. 3d 490, 2019-Ohio-4808, 145 N.E.3d 259, ¶ 22, quoting *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, ¶ 38.  "The codification of the rule in R.C. 2901.04(A) states that 'sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.' " *Id*. However, "[t]he rule of lenity is properly applied when, 'after all the legitimate tools of interpretation have been applied, "a reasonable doubt persists." ' " *Id*. at ¶ 23, quoting Scalia & Garner, *Reading Law: The Interpretation of Legal Texts*, at 299, quoting *Moskal v. United States*, 498 U.S. 103, 108, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990).

**{¶28}** "When [courts] construe statutes relating to the same subject matter, [they] consider them together to determine the General Assembly's intent—even when the various provisions were enacted separately and make no reference to each other."  *State v. South*, 144 Ohio St. 3d 295, 2015-Ohio-3930, 42 N.E.3d 734, ¶ 8, citing *D.A.B.E., Inc. v. Toledo–Lucas Cty. Bd. of Health,* 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 20, citing *State ex rel. Pratt v. Weygandt,* 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph two of the

syllabus. "This requires [courts] to harmonize provisions unless they irreconcilably conflict." *Id.*, citing *Hughes v. Ohio Bur. of Motor Vehicles,* 79 Ohio St.3d 305, 308, 681 N.E.2d 430 (1997). In undertaking that analysis, courts "must arrive at a reasonable construction giving the proper force and effect, if possible, to each statute." *Id.*, citing *D.A.B.E.* at ¶ 20, citing *Maxfield v. Brooks,* 110 Ohio St. 566, 144 N.E. 725 (1924), paragraph two of the syllabus.

### a. Latapie's Sentence to A Community-Control Sanction Is Not Clearly and Convincingly Contrary to Law

{¶29} We begin our analysis by addressing Latapie's contention that some of the sentencing statutes applicable to fourth-degree felony OVI offenders conflict because some refer to "a community control sanction[,]" (4511.19(G)(1)(d)(i), R.C. 2929.13(A)(2) and (G)(2), and R.C. 2929.14(B)(4)), while others (R.C. 2929.15(A), R.C. 2929.16 and R.C. 2929.17) refer to a sanction or combination of community-control sanctions. Therefore, Latapie maintains that applying the rule of lenity, the trial court was limited to imposing a single community-control sanction.

{¶30} Latapie's argument is predicated upon the word "sanction" having a single meaning. To address Latapie's argument requires us to review the meaning of a community-control sanction. Pursuant to R.C. 2929.15(A), when sentencing a fourth-degree felony OVI offender, a court is authorized to "impose upon the offender a community control sanction or combination of community control sanctions under section 2929.16 or 2929.17 of the Revised Code." R.C. 2929.16 sets out residential community-control sanctions from which the court may choose (e.g., jail, halfway house, etc.), and R.C. 2929.17 sets out non-

residential community-control sanctions from which the court may choose (e.g., community service, basic probation supervision, etc.).

**{¶31}** While subject to a sanction or combination of sanctions imposed pursuant to R.C. 2929.16 and R.C. 2929.17, R.C. 2929.15(A)(2)(a) provides that a "court shall place the offender under the general control and supervision of [a] department of probation" for up to five years. This period of supervision is referred to as "a community control sanction." *See State v. Monroe*, 4th Dist. Pike No. 99CA632, 2000 WL 807228, *1 (June 14, 2000) ("The trial court sentenced him to one hundred eighty days in jail, with one hundred thirty-five days suspended, a $500 fine, three years license suspension, and a community control sanction of five years."); *State v. Lipford*, 5th Dist. Stark No. 2006CA00025, 2006-Ohio-4240, ¶ 2 (The trial court sentenced appellant to a community-control sanction for three years.); *State v. Calhoun*, 6th Wood No. WD-17-067, 2019-Ohio-228, ¶ 2 (The trial court "imposed on appellant four years of a community control sanction.").

**{¶32}** Recognizing this distinction between "a community control sanction" (the period of supervision), and the sanction or sanctions that are imposed pursuant to R.C. 2929.16 and 2929.17 during that period of supervision, we harmonize the felony OVI sentencing statutes as follows. References in R.C. 4511.19(G)(1)(d)(i), R.C. 2929.13(A)(2) and (G)(2), and R.C. 2929.14(B)(4) to "a community control sanction[,]" are referring to the *period of supervision* by a department of probation. *See Monroe* at *1; *Lipford* at ¶ 2; *Calhoun* at ¶ 2. However, R.C. 2929.15 also authorizes courts to impose not only the period of

supervision, but to also impose a sanction or combination of the sanctions found in R.C. 2929.16 (residential sanctions) and 2929.17 (non-residential sanctions) applicable to the offender during the period of supervision.  In other words, these are sanctions that an offender must abide by during the period the offender is supervised by the probation department.

{¶33} Accordingly, we find that the general sentencing statutes for fourth-degree felony offenders - R.C. 4511.19(G)(1)(d)(i), R.C. 2929.13(A)(2) and (G)(2), R.C. 2929.14(B)(4), as well as R.C. 2929.15 - do not irreconcilably conflict with the community-control statutes - R.C. 2929.16 and 2929.17.  Rather, the former four statutes authorize a court to impose a period of supervision, while the latter two statutes authorize a court to impose the sanctions listed in those provisions and apply during the period of supervision.

{¶34} In the case at hand, Latapie was sentenced to a single period of supervision of 30-months with multiple sanctions she must abide by during that period.  Therefore, we find that the trial court's imposition of a 30-month community-control sanction along with the accompanying sanctions authorized by R.C. 2929.16 and 2929.17 is not clearly and convincingly contrary to law.[1]

b.  Latapie's Sentence is Not Clearly and Convincingly Contrary to Law for Imposing Prison *and* Community Control

{¶35} Latapie also claims the OVI felony sentencing statutes provide three conflicting grants of authority regarding the imposition of an additional prison

---

[1] R.C. 2929.16 and 2929.17 refer to the "sanctions" that a court may impose during the period of supervision.  However, courts may use a different terminology.  For example, the court sentencing entry herein refers to Latapie's "sanctions" imposed under R.C. 2929.16 and 2929.17 as "specific terms" of probation.

term and community control. And because these conflicts are irreconcilable, she

maintains the rule of lenity applies, limiting her sentence to an additional prison

term *or* a community-control sanction.

i.      R.C. 4511.19(G)(1)

**{¶36}** Prior to addressing Latapie's conflicting-grants-of-authority

argument, we look at R.C. 4511.19(G)(1), which in part provides that a court

"shall sentence the [OVI] offender under Chapter 2929. of the Revised Code,

*except as otherwise authorized* or required *by divisions (G)(1)(a) to (e)*."

(Emphasis added.) This language appears to indicate that *if* a court is

"authorized" to sentence an OVI offender under (G)(1)(a) to (e), the court shall

sentence the offender under (G) in lieu of the sentencing provisions in R.C.

Chapter 2929.

**{¶37}** R.C. 4511.19(G)(1)(d) provides that an OVI offender, who within the

past 20 years has been convicted of OVI five or more times, is a fourth-degree

felony OVI offender. As a fourth-degree felony OVI offender, the trial court was

authorized to sentence Latapie under R.C. 4511.19(G)(1)(d), which provides a

> court *shall sentence* the offender to *all of the following*: * * * [1]
> a *mandatory prison term of sixty days* * * * if the offender is not
> convicted of and does not plead guilty to  [the R.C. 2941.1413]
> specification[,] * * * [2] "If the court imposes a mandatory prison
> term * * * it *also may sentence the offender to a definite prison
> term that shall be not less than six months and not more than thirty
> months* and the prison terms shall be imposed as described in
> (G)(2) of section 2929.13 of the Revised Code * * * [and,] [3] *a
> community control sanction.*[2]  (Emphasis added.)

---

[2] R.C. 2929.13(G)(2) instructs that prison must be served prior to community control.

**{¶38}** The plain language of this provision, in addition to the mandatory prison term, clearly authorizes a court to sentence the offender to an additional prison term *and* community control. [3]

ii. The Sentencing Statutes Do Not Irreconcilably Conflict

**{¶39}** Nevertheless, because there are additional statutes that address sentencing of fourth-degree felony offenders that contain differing language, we also address Latapie's argument that these statutes irreconcilably conflict.

**{¶40}** We begin by recognizing that all the OVI sentencing statutes that we are reviewing today regarding fourth-degree felony OVI offenders, who are not convicted of the R.C. 2941.1413 specification and are not sentenced to a term of local incarceration, like Latapie, provide, or reflect, that a court "shall" impose a "mandatory prison term of sixty consecutive days[.]" *See* R.C. 4511.19(G)(1)(d)(i), R.C. 2929.13(A) and (G), R.C. 2929.14(B)(4), R.C. 2929.15(A), R.C. 2929.16, and R.C. 2929.17. The question we must answer is what additional sanction, or sanctions do these statutes authorize, if any, in sentencing such an offender?

**{¶41}** We have already recognized that the plain language of R.C. 4511.19(G)(1)(d)(1)(i) states that a court may impose an additional prison term of 6 to 30 months *and* a community-control sanction. R.C. 2929.14(B)(4) and R.C.

---

[3] Although not specifically raised as an argument by Latapie, we believe it prudent to mention that the Supreme Court of Ohio has recognized as a general rule that "when a prison term and community control are possible sentences for a particular felony offense, *absent an express exception*, the court must impose either a prison term or a community-control sanction or sanctions." (Emphasis added.) *State v. Anderson*, 143 Ohio St. 3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 31. In our view, R.C. 4511.19(G)((1)(d)(i) expressly authorizes a court to sentence a fourth-degree OVI offender to prison *and* community control.

2929.15(A) similarly contain language that permits the imposition of an additional prison term *and* community control. Of the remaining statutes before us, R.C. 2929.13(A)(2) states that a court may impose an additional prison term *or* community control. And finally, Division (G)(2) of R.C. 2929.13, R.C. 2929.16, and 2929.17 each indicate that a court may additionally impose only community control.

**{¶42}** We find that R.C. 4511.19(G)(1)(d)(1)(i), R.C. 2929.14(B)(4), and R.C. 2929.15(A) clearly and uniformly indicate that the General Assembly intended to authorize a court to sentence an offender to prison and community control. Therefore, we decline to accept Latapie's argument that when considering all the fourth-degree felony OVI statutes herein they irreconcilably conflict because to do so would lead to the absurd result of nullifying the clear intent of the General Assembly for courts to have the authority to sentence such offenders to prison and community control. *See* State *ex rel. Clay v. Cuyahoga Cty. Med. Examiner's Office*, 152 Ohio St.3d 163, 2017-Ohio-8714, 94 N.E.3d 498, ¶ 26 (plurality opinion), citing Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* 239 (2012) (the absurd-result exception [to the plain language of a statute is] employ[ed] * * * in only those cases in which the plain language of a statute results in an obviously unintended result.").

**{¶43}** Instead we harmonize the OVI sentencing statutes by finding that R.C. 4511.19(G)(1)(d)(i), R.C. 2929.14(B)(4) and R.C. 2929.15(A)(1) set out the maximum number of sanctions that a court can impose on a fourth-degree felony OVI offender, i.e., in addition to a mandatory 60-day prison term, a court "may"

also sentence the offender to an additional 6 to 30-month prison term *and* a community-control sanction.  The other three statutes – R.C. 2929.13, R.C. 2929.16 and R.C. 2929.17 – merely list a lesser number of available sanctions that a court may impose on such an offender, as well as, additional sentencing instructions.  For example, R.C. 2929.15(A), R.C. 2929.16 and R.C. 2929.17 collectively authorize courts to impose a sanction or sanctions imposed and enforced during the period of supervision by a probation department.  And R.C. 2929.13(G)(2) instructs that "the offender shall serve the prison term prior to serving the community control sanction."

{¶44} Thus, we reject Latapie's argument that the OVI sentencing statutes at issue herein irreconcilably conflict thereby requiring application of the rule of lenity.  Instead, consistent with the aforementioned analysis, we find the intent of the General Assembly was to authorize trial courts to sentence offenders to prison and community control.  Therefore, we find that Latapie's mandatory 60-day prison term, an additional 24-months in prison, and a 30-month community-control sanction is not clearly and convincingly contrary to law.[4]

3.  The Trial Court's Sentence Is Not Clearly and Convincingly Contrary to Law Because It Reserved A 30-Month Prison Term As a Sanction for a Violation of Community Control

   a.  The Trial Court Had Authority to Reserve a Prison Term As A Potential Punishment for a Violation The Terms of Latapie's Community Control Sanction Pursuant to R.C. 2929.15(B)

{¶45} Latapie maintains that R.C. 2929.13(A)(1)'s incorporation of R.C. 2929.15(B), which authorizes punishment for a violation of a community-control

---

[4] We do note that as we held supra that on remand, Latapie's 24-month prison term will be reduced by 60 days.

sanction indicates that R.C. 2929.13 (A)(2)'s failure to incorporate R.C. 2929.15(B) means that its absence there was intentional.  Therefore, she argues, when a court chooses to sentence a fourth-degree felony OVI offender to a community-control sanction under 2929.13(A)(2), it has no authority to reserve a prison term for violating a community-control sanction because R.C. 2929.15(B) does not apply.

**{¶46}** Although not expressly stated, Latapie's argument appears to rely on "expressio unius est exclusio alterius," a cannon of statutory interpretation, which "means that the expression of one thing is the exclusion of another[.]" *Wray v. Wymer*, 77 Ohio App. 3d 122, 132, 601 N.E.2d 503, 509 (4th Dist. 1991), citing Black's Law Dictionary (6 Ed. 1990) 581; *Everhart v. Coshocton Cnty. Mem'l Hosp.*, 2022-Ohio-629, 186 N.E.3d 232, ¶ 22.  However, "the doctrine of expressio unius *est exclusio alterius* 'is an aid in interpreting *ambiguous* statutes' and should not be applied to defeat legislative intent when there is no ambiguity." (Emphasis sic.)  *State ex rel. Cincinnati Enquirer v. Pike Cnty. Gen. Health Dist.*, 154 Ohio St. 3d 297, 2018-Ohio-3721, 114 N.E.3d 152, ¶ 22, quoting *State ex rel. Wilson v. Preston*, 173 Ohio St. 203, 209, 181 N.E.2d 31 (1962).  We find that applying expressio unius est exclusio alterius is unwarranted herein.

**{¶47}** To analyze this issue, we begin by examining the differences between a court choosing to sentence a fourth-degree felony OVI offender, who has not been convicted of the R.C. 2941.1413 specification, to a mandatory term of local incarceration versus a mandatory prison term.

**{¶48}** R.C. 4511.19(G)(1)(d)(i) instructs that a term of local incarceration must be imposed "in accordance with division (G)(1) of section 2929.13 of the Revised Code[.]" In turn, R.C. 2929.13(G)(1) provides that the 60-day mandatory local term of incarceration "shall" be served in jail, a community-based correctional facility, a halfway house, or an alternative residential facility. R.C. 4511.19(G)(1)(d)(i) goes on to state:

> If the court imposes a mandatory term of local incarceration, it may impose a jail term in addition to the sixty-day mandatory term, the cumulative total of the mandatory term and the jail term for the offense shall not exceed one year, and, *except as provided in division (A)(1) of section 2929.13 of the Revised Code, no prison term is authorized for the offense.* (Emphasis added.)

R.C. 2929.13(A)(1) states:

> For a fourth degree felony OVI offense for which sentence is imposed under division (G)(1) of this section [i.e. the court has imposed a term of local incarceration], an additional community control sanction or combination of community control sanctions under section 2929.16 or 2929.17 of the Revised Code. *If the court imposes upon the offender a community control sanction and the offender violates any condition of the community control sanction, the court may take any action prescribed in division (B) of section 2929.15 of the Revised Code relative to the offender, including imposing a prison term on the offender pursuant to that division.* (Emphasis added.)

**{¶49}** Notably, R.C. 4511.19(G)(1)(d)(i) instructs that when a court imposes a term of local incarceration, no prison term may be imposed, *except* as provided in R.C. 2929.13(A)(1). Thus, R.C. 4511.19(G)(1)(d)(i) *directs* a court to look at R.C. 2929.13(A)(1) to determine when prison may be imposed in a case in which the court has imposed local incarceration and community control. R.C. 2929.13(A)(1) *explains* that a prison term may be imposed only for an offender who violates community control. Therefore, R.C. 2929.13(A)(1)'s incorporation of

R.C. 2929.15(B) merely explains that in a case where the offender is sentenced to local incarceration and community control, then the court may impose a prison term only upon a violation of the community control.

**{¶50}** In contrast, when a court chooses instead to impose a mandatory prison term, as opposed to local incarceration, there is no language in R.C. 4511.19(G)(1)(d)(i) that *directs* the court to look in R.C. 2929.13 for an explanation when prison may be imposed. But we find that is not because the General Assembly was trying to deprive courts that impose a mandatory prison term and a community control of authority to punish community-control violations. Rather, no such language is necessary because prison *is* the offender's sentence. And similar to other criminal cases, if the court also chooses to impose community control, the court has authority to reserve a prison term within the range of those available for the underlying offense under R.C. 2929.15. *State v. Griffin*, 4th Dist. Athens No. 16CA4, 2017-Ohio-6877, ¶ 14-18.

**{¶51}** Therefore, we reject Latapie's argument that R.C. 2929.13(A)(1)'s incorporation of R.C. 2929.15(B) means that R.C. 2929.13(A)(2)'s failure to incorporate R.C. 2929.15(B) indicates a trial court that sentences a fourth-degree felony OVI to a mandatory prison term and community control lacks authority to punish community-control violations. Accordingly, we find that the trial court's reservation of a prison term for the violation of Latapie's community-control sanction pursuant to R.C. 2929.15(B) is not clearly and convincingly contrary to law.

     b. The Trial Court Did Not Err by Imposing More Than The Maximum
       Sentence Allowed For A Fourth-Degree Felony OVI Offender

**{¶52}** Latapie also maintains that she faces a potential 5 years and 8 months of incarceration (26 months in prison, 180 days in jail, and possibly a 30-month prison term for a violation of community control), which she claims is beyond the maximum 30 months permitted by R.C. 2929.14(B)(4) and R.C. 4511.19(G)(1)(d)(i).

**{¶53}** First, we recall that this case will be remanded for the trial court to reduce Latapie's 24-month prison term by 60 days.  So, after remand, she will be subject to a 22-month prison term.

**{¶54}** Next, we address Latapie's assertion that the 30-month "reserved" prison term is part of the calculation in determining her maximum sentence.  " 'It is well-established that any penalty imposed for violating a condition of one's community control sanctions is a punishment for that violation and not for the original underlying offense.' "  *State v. Duncan*, 2016-Ohio-5559, 61 N.E.3d 61, ¶ 22 (12th Dist.), quoting *State v. Richter,* 12th Dist. Clermont No. CA2014-06-040, 2014-Ohio-5396, ¶ 8.  Because such a reserved prison term is contingent and imposed only as a punishment for a violation of community control and not the underlying offense, we find that including the length of that reserved prison term in the calculation of the offender's maximum prison term would be clearly and convincingly contrary to law.  Therefore, we reject Latapie's assertion that the 30-month "reserved" prison term is part of the calculation in determining her maximum sentence.

**{¶55}** For purposes of calculating her maximum sentence, Latapie will be subject to a 22-month prison term (after correction on remand).  Ohio Appellate

Courts have held that the maximum possible sentence for fourth-degree felony offenders is 30 months in prison. *See State v. Fields*, 2d Clark No. 2020-CA-19, 2021-Ohio-3845, ¶ 18; *State v. Liles*, 3d Dist. Allen No. 1-18-69, 2019-Ohio-3029, ¶ 20; *State v. Knopf*, 10th Dist. Franklin No. 05AP-1201, 2006-Ohio-3806, ¶ 5; *State v. Bailey*, 11th Dist. Geauga No. 2006-G-2734, 2007-Ohio-6160, ¶ 14; *State v. Gourley*, 12th Dist. Butler No. CA2006-01-003, 2007-Ohio-1221, ¶ 14. Even assuming for the sake of argument that the trial court eventually imposes upon Latapie the deferred 180-day jail sentence, then she would be incarcerated for an aggregate 28 months, which is still less than the maximum 30 months permitted by law. Therefore, Latapie's sentence is not clearly and convincingly contrary to law because it is within the maximum 30-month maximum prison sentence allowed for fourth-degree felony OVI offenders.

## CONCLUSION

{¶56} We find that Latapie's sentence is clearly and convincingly contrary to law to the extent that the trial court did not reduce Latapie's 24-month "additional" prison term by the duration of her mandatory 60-day prison term. However, the remainder of her sentence is not clearly and convincingly contrary to law. Therefore, we reverse in part and affirm in part the trial court's entry and remand the cause for the limited purpose of reducing her prison term consistent with this decision.

**AFFIRMED IN PART, REVERSED IN PART, AND THE MATTER IS REMANDED TO THE TRIAL COURT.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and the CAUSE IS REMANDED.  Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

P.J., Smith and J., Hess:  Concur in Judgment and Opinion.

For the Court,

BY: _____
Kristy S. Wilkin, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**