[Cite as *State v. Hoekwatter*, 2025-Ohio-4928.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                             Court of Appeals No. {48}L-24-1291

    Appellee/Cross-appellant               Trial Court No.  CR0202401654

v.

Patrick Hoekwatter                              **DECISION AND JUDGMENT**

    Appellant/Cross-appellee               Decided:  October 28, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee/cross-appellant.

Edward J. Stechschulte, for appellant/cross-appellee.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on Patrick Hoekwatter's appeal from the Lucas County

Common Pleas Court decision journalized November 13, 2024.  For the reasons that follow, we

reverse the trial court's judgment.

**I.  Assignments of Error**

Hoekwatter's Assignment of Error No. 1

      The Trial Court's two and a half year sentence is clearly and convincingly
contrary to law.

Hoekwatter's Assignment of Error No. 2

The Trial Court erred when it failed to properly notify [Hoekwatter] that any violation of post-release control would subject him to additional time up to one-half of his original term.

State's Cross-Assignment of Error

This matter should be remanded with instructions to correct the sentencing entry to clarify the character and term of post-release control, consistent with the record and the sentencing statutes.

## II. Background

{¶ 2} On May 6, 2024, Hoekwatter was indicted with one count of operating a vehicle while under the influence of alcohol, a drug of abuse, or a combination of them ("OVI"), in violation of R.C. 4511.19(A)(2)(a) and (b) and (G)(1)(d)(ii), a felony of the fourth degree (Count 1), one count of OVI, in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(d)(i), a felony of the fourth degree (Count 2), and one count of driving under suspension, in violation of R.C. 4510.11(A), (D), (E), (F) and (G), a misdemeanor of the first degree (Count 3). Both Counts 1 and 2 included a specification of an additional prison term for certain repeat OVI offenders under R.C. 2941.1413.

{¶ 3} On September 26, 2024, Hoekwatter entered a plea of guilty to Count 1 with the R.C. 2941.1413 specification. He was sentenced on November 7, 2024 to, inter alia, 18 months of state incarceration on the OVI charge, the first 120 days of which were mandatory, as well as a one year mandatory term of incarceration for the R.C. 2941.1413 specification, for a total term of two and a half years. The State dismissed Counts 2 and 3 at sentencing.

2.

**{¶ 4}** At the sentencing hearing, the judge made the following comments regarding post-release control:

> As to the OVI charge, you are subject to a discretionary period of Post Release Control of up to two years upon your release. That means you may be under the supervisory authority of the Ohio Adult Parole Board. They will have rules and regulations you have to follow.
>
> If you fail to do so they can do a number of things including return you to prison for potentially an additional nine month period. If the violation is because you commit a new felony offense, the Judge in that new case has some options. He or she can also return you to prison for either the unserved portion of your Post Release Control time or add 12 months on top of and consecutive to whatever time you might get for that new felony offense.

**{¶ 5}** Additionally, the court memorialized the sentence in a judgment entry journalized November 13, 2024. The journal entry included the following statement explaining post-release control:

> Defendant notified of post-release control as follows: Felony Sex Offense: 5 years mandatory; F-1: 2-5 years mandatory; F-2: 18 months-3 years mandatory; F-3 (offense of violence, R.C. 2901.01(A)(9)): 1-3 years mandatory; F-3 (other): up to 2 years discretionary; F-4: up to 2 years discretionary; F-5: up to 2 years discretionary. Defendant further notified that if post-release control conditions are violated, the adult parole authority or parole board may impose a more restrictive or longer control sanction or return Defendant to prison for up to nine months for each violation up to a maximum of 50% of the minimum stated term originally imposed. Defendant further notified that if the violation is a new felony conviction, Defendant may be both returned to prison for the greater of one year or the time remaining on post-release control, plus receive a prison term for the new felony (-ies).

**{¶ 6}** Hoekwatter appealed and the State cross-appealed.

3.

### III. Standard of Review

{¶ 7} We review felony sentences under R.C. 2953.08(G)(2). *State v. Purley*, 2022-Ohio-2524, ¶ 8 (6th Dist.). R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand for resentencing if the court clearly and convincingly finds, inter alia, that the sentence is contrary to law. Clear and convincing evidence is defined as "'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Gwynne*, 2023-Ohio-3851, ¶ 14, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

### IV. First Assignment of Error

### A. Parties' Arguments

{¶ 8} In his first assignment of error, Hoekwatter contends that his sentence is contrary to law as the trial court did not reduce his sentence by 60/120 days as required by R.C. 2929.14(B)(4). The State agrees that Hoekwatter's sentence is contrary to law and urges this court to remand for resentencing, but for a different reason. According to the State, the provision cited by Hoekwatter only applies if he was not also convicted of the R.C. 2941.1413 specification, which he was. Instead, the State asserts that the trial court erred in requiring the first 120 days of Hoekwatter's sentence to be mandatory.

4.

## B. Relevant Statutes

### 1. R.C. 4511.19(A)(2)

(2) No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1) of this section, or any other equivalent offense shall do both of the following:

(a) Operate any vehicle … within this state while under the influence of alcohol, a drug of abuse, or a combination of them;

(b) Subsequent to being arrested for operating the vehicle … as described in division (A)(2)(a) of this section, being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests.

### 2. R.C. 4511.19(G)(1)(d)(ii)

(G)(1) Whoever violates any provision of divisions (A)(1)(a) to (i) or (A)(2) of this section is guilty of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them. …  The court shall sentence the offender … under Chapter 2929. of the Revised Code, except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section:

. . .

(d) Except as otherwise provided in division (G)(1)(e) of this section, an offender who, within ten years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) of this section or other equivalent offenses, an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature, or an offender who previously has been convicted of or pleaded guilty to a specification of the type described in section 2941.1413 of the Revised Code is guilty of a felony of the fourth degree. The court shall sentence the offender to all of the following:

. . .

(ii) If the sentence is being imposed for a violation of … division (A)(2) of this section, a mandatory prison term of one, two, three, four, or five years as required

by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code or, in the discretion of the court, either a mandatory term of local incarceration of one hundred twenty consecutive days in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of one hundred twenty consecutive days in accordance with division (G)(2) of that section if the offender is not convicted of and does not plead guilty to a specification of that type.  If the court imposes a mandatory term of local incarceration, it may impose a jail term in addition to the one hundred twenty-day mandatory term, the cumulative total of the mandatory term and the jail term for the offense shall not exceed one year, and, except as provided in division (A)(1) of section 2929.13 of the Revised Code, no prison term is authorized for the offense. If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months and the prison terms shall be imposed as described in division (G)(2) of section 2929.13 of the Revised Code. If the court imposes a mandatory prison term or mandatory prison term and additional prison term, in addition to the term or terms so imposed, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

### 3.  R.C. 2929.13(G)

(G) Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a fourth degree felony OVI offense or for a third degree felony OVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:

(1) If the offender is being sentenced for a fourth degree felony OVI offense *and if the offender has not been convicted of and has not pleaded guilty to a specification of the type described in section 2941.1413* of the Revised Code, the court may impose upon the offender a mandatory term of local incarceration of sixty days or one hundred twenty days as specified in division (G)(1)(d) of section 4511.19 of the Revised Code. The court shall not reduce the term pursuant to section 2929.20, division (A)(2) or (3) of section 2967.193 or 2967.194, or any other provision of the Revised Code. The court that imposes a mandatory term of local incarceration under this division shall specify whether the term is to be served in a jail, a community-based correctional facility, a halfway house, or an alternative residential facility, and the offender shall serve the term in the type of facility specified by the court. A mandatory term of local incarceration imposed under division (G)(1) of this section is not subject to any other Revised Code provision that pertains to a prison term except as provided in division (A)(1) of this section.

(2) If the offender is being sentenced for a third degree felony OVI offense, or if the offender is being sentenced for a fourth degree felony OVI offense and the court does not impose a mandatory term of local incarceration under division (G)(1) of this section, the court shall impose upon the offender a mandatory prison term of one, two, three, four, or five years if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code *or shall impose upon the offender a mandatory prison term of sixty days or one hundred twenty days* as specified in division (G)(1)(d) or (e) of section 4511.19 of the Revised Code *if the offender has not been convicted of and has not pleaded guilty to a specification of that type.* The court shall not reduce the term pursuant to section 2929.20, division (A)(2) or (3) of section 2967.193 or 2967.194, or any other provision of the Revised Code. The offender shall serve the one-, two-, three-, four-, or five-year mandatory prison term consecutively to and prior to the prison term imposed for the underlying offense and consecutively to any other mandatory prison term imposed in relation to the offense. (Emphasis added.)

### 4. R.C. 2929.14(B)(4)

(4) If the offender is being sentenced for a third or fourth degree felony OVI offense under division (G)(2) of section 2929.13 of the Revised Code, the sentencing court shall impose upon the offender a mandatory prison term in accordance with that division. In addition to the mandatory prison term, if the offender is being sentenced for a fourth degree felony OVI offense, the court, notwithstanding division (A)(4) of this section, may sentence the offender to a definite prison term of not less than six months and not more than thirty months, . . . *[T]he additional prison term imposed shall be reduced by the sixty or one hundred twenty days imposed upon the offender as the mandatory prison term.* The total of the additional prison term imposed under division (B)(4) of this section plus the sixty or one hundred twenty days imposed as the mandatory prison term shall equal a definite term in the range of six months to thirty months for a fourth degree felony OVI offense and shall equal one of the authorized prison terms specified in division (A)(3) of this section for a third degree felony OVI offense. If the court imposes an additional prison term under division (B)(4) of this section, the offender shall serve the additional prison term after the offender has served the mandatory prison term required for the offense. In addition to the mandatory prison term or mandatory and additional prison term imposed as described in division (B)(4) of this section, the court also may sentence the offender to a community control sanction under section 2929.16 or 2929.17 of the Revised Code, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

If the offender is being sentenced for a fourth degree felony OVI offense under division (G)(1) of section 2929.13 of the Revised Code and the court imposes a

mandatory term of local incarceration, the court may impose a prison term as described in division (A)(1) of that section. (Emphasis added.)

## C. Analysis

{¶ 9} Hoekwatter was sentenced to a mandatory term of one year for his R.C. 2941.1413 specification. Neither party objects to this sentence. He was also sentenced to 18 months on the underlying OVI conviction, with the first 120 days mandatory. Hoekwatter contends his OVI sentence must be reduced by 120 days.

{¶ 10} We begin our analysis with R.C. 4511.19(G)(1)(d)(ii). Because he was convicted of 5 or more OVI offenses in the previous 20 years, Hoekwatter was charged under R.C. 4511.19(G)(1)(d), which raises an OVI offense to a fourth-degree felony. Pursuant to R.C. 4511.19(G)(1)(d)(ii), an offender is to be sentenced to a mandatory term of one to five years if the offender is also convicted of a specification under R.C. 2941.1413, which Hoekwatter was. That section further states that, if an offender is *not* convicted of such a specification, at the court's discretion it can sentence an offender to either a mandatory term of local incarceration of 120 days in accordance with R.C. 2929.13(G)(1) or a 120-day mandatory prison term in accordance with R.C. 2929.13(G)(2). Similarly, R.C. 2929.13(G)(1) states that "[i]f the offender is being sentenced for a fourth degree felony OVI offense and if the offender *has not been convicted of and has not pleaded guilty to a specification of the type described in section 2941.1413* of the Revised Code, the court may impose upon the offender a mandatory term of local incarceration of sixty days or one hundred twenty days," and, if an offender is not sentenced to local incarceration under R.C. 2929.13(G)(1), R.C. 2929.13(G)(2) provides for "a mandatory term one to five years if the offender was also convicted of a specification under R.C.

8.

2941.1413" or "a mandatory prison term of sixty days or one hundred twenty days as specified in division (G)(1)(d) or (e) of section 4511.19 of the Revised Code *if the offender has not been convicted of and has not pleaded guilty to a specification of that type*." (Emphasis added.). As Hoekwatter was sentenced to a R.C. 2941.1413 specification, the 60 or 120 days of local incarceration or prison did not apply to him.

{¶ 11} Citing *State v. Latapie*, 2023-Ohio-1505 (4th Dist.), *State v. McClellan*, 2020-Ohio-5551 (6th Dist.) and R.C. 2929.14(B)(4), Hoekwatter maintains that the trial court was required to reduce his 18-month sentence by the 120 days imposed upon him as a mandatory term. We first note that both *McClellan* and *Latapie* are distinguishable as the defendants in those cases were not convicted of the R.C. 2941.1413 specification. R.C. 2929.14(B)(4) also is not helpful. That section provides that: "In addition to the mandatory prison term [imposed pursuant to R.C. 2929.13(G)(2)], if the offender is being sentenced for a fourth degree felony OVI offense, the court … may sentence the offender to a definite prison term of not less than six months and not more than thirty months" and that "the additional prison term imposed shall be reduced by the sixty or one hundred twenty days imposed upon the offender as the mandatory prison term." However, neither a 60 or 120-day term was imposed upon Hoekwatter. The trial court merely made the first 120 days of the additional 18 month prison term mandatory. Therefore, R.C. 2929.14(B)(4) does not require his sentence to be reduced by that amount.

{¶ 12} Despite this, we agree that Hoekwatter's sentence is contrary to law for the reason put forth by the State. The State asserts that the statutes only authorize a mandatory sentence for the one-year term for the specification, and that the additional 120 days of mandatory time is not

9.

authorized when a conviction includes a specification under R.C. 2941.1413. As discussed above, the 120-day mandatory term only applied if Hoekwatter was not sentenced on the specification, which Hoekwatter was. Otherwise, R.C. 2929.14(B)(4), which states that the trial court "*may* sentence the offender to a definite prison term," provides for a discretionary term for the underlying OVI. *See State v. Smaltz,* 2013-Ohio-5350, ¶ 12 (6th Dist.)("the statutory scheme does not impose any mandatory period of incarceration for the underlying OVI offense where the mandatory sentence for an R.C. 2941.1413 specification is imposed.") and *State v. South*, 2015-Ohio-3930, ¶ 19 (finding the sentencing range for a third-degree-felony-OVI with a repeat-offender specification under R.C. 2941.1413 to be "(1) a one- to five-year mandatory prison term for the repeat-offender-specification conviction, which must be served prior to and consecutive to any additional prison term imposed under R.C. 2929.14(A)(3)(b), and (2) a discretionary 9- to 36-month definite prison term for the underlying OVI conviction."). We have previously found error when a trial court imposed a mandatory term when no such term was authorized by statute. *McClellan* at ¶ 13 (6th Dist.). As the mandatory nature of the additional 120 days was not authorized by statute, we agree that it is contrary to law. Therefore, for the reason advocated by the State, Hoekwatter's first assignment of error is well-taken.

## V.  Second Assignment of Error

{¶ 13} Hoekwatter maintains that the trial court erred in failing to advise him that he could be sentenced to a prison term of up to one-half of his stated prison term for violating his post-release control, as required by R.C. 2929.19(B)(2)(f). The State concedes that the trial court did not properly advise Hoekwatter of the consequences of violating the conditions of his

10.

post-release control, and we agree. Accordingly, we find Hoekwatter's second assignment of error well-taken.

## VI. State's Cross-Assignment of Error

{¶ 14} The State contends that, in addition to the defect raised in Hoekwatter's second assignment of error, the trial court did not properly impose post-release control in the sentencing entry.

{¶ 15} "[T]o validly impose postrelease control when the court provides all the required advisements at the sentencing hearing, the sentencing entry must include: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the [APA] will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute." *State v. Bates*, 2022-Ohio-475, ¶ 12.

{¶ 16} The State contends that the sentencing entry did not "explicitly state whether [post-release control] is discretionary or mandatory, nor does it identify the potential length of the [post-release control] term." The State requests that this matter be remanded "with instructions to correct the sentencing entry to clarify the character and term of [post-release control], consistent with the record and sentencing statutes."

{¶ 17} A review of the sentencing entry shows that it did explicitly state that, for a felony of the fourth degree, Hoekwatter could be sentenced to post-release control of "up to 2 years discretionary." While the State correctly observes that the sentencing entry "provides a list of

11.

[post-release control] term ranges associated with various offense categories, arranged by felony degree," and a felony of the fourth degree was one of multiple ranges listed, the sentencing entry does correctly state the term for a fourth-degree felony, and it does state in the entry that he was sentenced to a felony of the fourth degree. For that reason, we do not find the trial court erred in imposing post-release control. Therefore, the State's cross-assignment of error is not well-taken.

## VII. Conclusion

{¶ 18} The judgment of the Lucas County Court of Common Pleas is reversed and remanded for resentencing in accordance with this decision. Pursuant to App.R. 24, the State is hereby ordered to pay the costs incurred on appeal.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.

Myron C. Duhart, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

> This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.