[Cite as *State v. Snowden*, 2024-Ohio-5649.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2024-T-0044** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| WILLIAM SNOWDEN, JR., | |
| Defendant-Appellant. | Trial Court No. 2023 CR 00517 |

**O P I N I O N**

Decided: December 2, 2024
Judgment: Reversed and remanded

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*James N. Melfi*, 6630 Seville Drive, Canfield, OH 44406 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, William Snowden, Jr., appeals his sentence from the Trumbull County Court of Common Pleas after his conviction for one count of Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs, a third-degree felony in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(e)(i), with a vehicle forfeiture specification under R.C. 2941.1417(A) and R.C. 2981.02(A)(2)(a).

{¶2} Appellant appeals the sentence imposed by the trial court, arguing that his felony sentence is contrary to law because the trial court ordered him to satisfy community control sanctions during his local incarceration.

{¶3} Having reviewed the record and the applicable caselaw, there is an underlying sentencing error that has rendered Appellant's sentence contrary to law. The trial court sentenced Appellant to 60 days of local incarceration for his conviction on R.C. 4511.19(A)(1)(a) and (G)(1)(e). However, R.C. 4511.19(G)(1)(e) requires a minimum mandatory sentence of 60 days in prison and does not permit a trial court to sentence a defendant to local incarceration. For this reason, Appellant's sentence is contrary to law, and his sentence must be reversed and the matter remanded for resentencing.

{¶4} Therefore, the judgment of the Trumbull County Court of Common Pleas is reversed and the matter remanded for resentencing. On remand, the trial court is instructed to sentence Appellant to a minimum mandatory 60 days' imprisonment as set forth in R.C. 4511.19(G)(1)(e).

## Substantive and Procedural History

{¶5} On September 20, 2023, Appellant was indicted on two counts of Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs. Count 1 was charged under R.C 4511.19(A)(1)(a) and (G)(1)(e), a third-degree felony. Count 2 was charged under R.C. 4511.19(A)(2)(a) and (G)(1)(e)(ii), a third-degree felony. Both Counts carried vehicle forfeiture specifications under R.C. 2941.1417(A) and R.C. 2981.02(A)(2)(a).

{¶6} On January 26, 2024, Appellant pled guilty to Count 1.

{¶7} On April 23, 2024, the trial court sentenced Appellant. At the sentencing hearing, Appellant's counsel stated that Appellant had stage IV metastatic cancer with a prognosis of fewer than six months to live. The trial court sentenced Appellant to 60 days of local incarceration in the Trumbull County Jail, ordered him to obtain a drug and alcohol assessment, and prohibited him from consuming any illegal drugs or alcohol, with random

2

urinalysis as a condition of community control. The court also prohibited him from entering any bars, taverns, liquor establishments, or casinos. The court suspended his driver's license for three years, forfeited Appellant's vehicle, and imposed a $1,350 fine.

{¶8}   The trial court granted Appellant bond pending his appeal.

{¶9}   Appellant timely appealed, raising one assignment of error.

{¶10}   On October 17, 2024, we issued a judgment entry requesting that the parties provide supplemental briefing on whether the trial court's sentence of local incarceration was contrary to law.

{¶11}   Appellant and the State filed supplemental briefs. Both agreed that the trial court was without discretion to sentence Appellant to local incarceration and requested the matter be remanded for resentencing.

**Assignments of Error and Analysis**

{¶12}   Appellant's sole assignment of error states: "APPELLANT'S SENTENCE IS CONTRARY TO LAW BECAUSE THE TRIAL COURT SENTENCED APPELLANT TO SERVE OR SATISFY COMMUNITY CONTROL SANCTIONS DURING HIS PERIOD OF MANDATORY LOCAL INCARCERATION."

{¶13}   Appellant argues that his sentence is contrary to law under R.C. 2929.16 and R.C. 2929.17 because the trial court imposed community control sanctions that he was obligated to satisfy during his incarceration. He states that the Fourth District Court of Appeals held in *State v. Latapie*, 2023-Ohio-1505 (4th Dist.), that an offender must serve a prison term prior to serving the community control sanction. He argues that the same should apply to his case, despite his being sentenced to local incarceration rather than prison. He requests that his sentence be vacated and the matter remanded for

3

resencing. For the reasons explained below, we do not address Appellant's arguments because the trial court's imposition of local incarceration, rather than prison, for a violation of R.C. 4511.19(G)(1)(e) was contrary to law.

{¶14} "R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, it 'may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand . . . if it clearly and convincingly finds . . . [t]hat the sentence is . . . contrary to law.' R.C. 2953.08(G)(2)(b)[.]" *State v. Lamb*, 2023-Ohio-2834, ¶ 9 (11th Dist.). "A sentence is contrary to law when it is 'in violation of statute or legal regulations' . . . ." *State v. Meeks,* 2023-Ohio-988, ¶ 11 (11th Dist.), quoting *State v. Jones*, 2020-Ohio-6729, ¶ 34. *Jones* held that "legal dictionaries defined 'contrary to law' as 'in violation of statute or legal regulations at a given time,' *e.g., Black's Law Dictionary* 328 (6th Ed.1990)." *Jones* at ¶ 34. The phrase "contrary to law" is not "equivalent" to an "appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12." *Id.*

{¶15} Appellant pled guilty to a violation of R.C. 4511.19(A)(1)(a), a felony of the third-degree under R.C. 4511.19(G)(1)(e)(i).

{¶16} R.C. 4511.19(G)(1)(e) sets forth the following mandatory sentencing requirements for a third-degree OVI offense:

> An offender who previously has been convicted of or pleaded guilty to a violation of division (A) of this section that was a felony, regardless of when the violation and the conviction or guilty plea occurred, **is guilty of a felony of the third degree.** The court shall sentence the offender to all of the following:
>
>> (i) . . . **a mandatory prison term of sixty consecutive days** in accordance with division (G)(2) of section 2929.13 of the Revised

4

Case No. 2024-T-0044

Code if the offender is not convicted of and does not plead guilty to a specification of that type [described in R.C. 2941.1413]. The court may impose a prison term in addition to the mandatory prison term. The cumulative total of a sixty-day mandatory prison term and the additional prison term for the offense shall not exceed five years. **In addition to the mandatory prison term or mandatory prison term and additional prison term the court imposes, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.**

(Bold added.)

{¶17} R.C. 2929.01(X)(2) defines a mandatory prison term to include: "The term of sixty or one hundred twenty days in prison that a sentencing court is required to impose for a third or fourth degree felony OVI offense pursuant to division (G)(2) of section 2929.13 and division (G)(1)(d) or (e) of section 4511.19 of the Revised Code or the term of one, two, three, four, or five years in prison that a sentencing court is required to impose pursuant to division (G)(2) of section 2929.13 of the Revised Code."

{¶18} In contrast, R.C. 4511.19(G)(1)(d) sets forth the mandatory sentencing requirements for a fourth degree OVI offense:

**Except as otherwise provided in division (G)(1)(e)** of this section, an offender . . . is guilty of a felony of the fourth degree. The court shall sentence the offender to all of the following:

(i) . . . in the discretion of the court, **either a mandatory term of local incarceration of sixty consecutive days in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of that section if the offender is not convicted of and does not plead guilty to a specification of that type [described in R.C. 2941.1413].** If the court imposes a mandatory term of local incarceration, it may impose a jail term in addition to the sixty-day mandatory term, the cumulative total of the mandatory term and the jail term for the offense shall not exceed one year, and, except as provided in division (A)(1) of section 2929.13 of the Revised Code, no prison term is authorized for the offense. If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence

5

the offender to a definite prison term that shall be not less than six months and not more than thirty months and the prison terms shall be imposed as described in division (G)(2) of section 2929.13 of the Revised Code. **If the court imposes a mandatory prison term or mandatory prison term and additional prison term, in addition to the term or terms so imposed, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.**

(Bold added.)

{¶19} R.C. 2929.01(II) defines a "Mandatory term of local incarceration" as "the term of sixty or one hundred twenty days in a jail, a community-based correctional facility, a halfway house, or an alternative residential facility that a sentencing court may impose upon a person who is convicted of or pleads guilty to a fourth degree felony OVI offense pursuant to division (G)(1) of section 2929.13 of the Revised Code and division (G)(1)(d) or (e) of section 4511.19 of the Revised Code."

{¶20} Both R.C. 4511.19(G)(1)(d) and (G)(1)(e) impose a minimum mandatory 60 days of incarceration. However, R.C. 4511.19(G)(1)(d) gives the trial court the discretion to either impose a minimum mandatory 60 days of local incarceration or a 60-day prison term. In contrast, R.C. 4511.19(G)(1)(e) does not grant the trial court such discretion. Instead, the court is required to impose a minimum mandatory 60-day prison term.

{¶21} Despite Appellant's plea of guilty to a third-degree felony OVI under R.C. 4511.19(G)(1)(e), which carries a minimum mandatory 60-day prison sentence, the trial court imposed a 60-day sentence to be served locally in the Trumbull County Jail. Such a sentence is not provided for under R.C. 4511.19(G)(1)(e) and is therefore clearly and convincingly contrary to law.

6

{¶22} Accordingly, Appellant's sentence is reversed and the matter remanded for resentencing. On remand, the trial court is instructed to sentence Appellant to a minimum mandatory 60 days' imprisonment as set forth in R.C. 4511.19(G)(1)(e).

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.